**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05- CV-10457-EFH

MICHAEL HENDRICKS, JR.
<u>Plaintiff</u>,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
<u>Defendants</u>.

<u>**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS BOSTON FIRE DEPARTMENT, CHIEF JOSEPH FINN,**
**AND CITY OF BOSTON'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT.**</u>

**I. INTRODUCTION**

Plaintiff, a former Boston Fire Department Firefighter alleges that the Boston Fire Department, Boston Fire Chief Joseph Finn, and the City of Boston ("Defendants") have declined to rehire him because of his race and disability. (Pl's Complaint, ¶¶ 13, 15, 16). Plaintiff further alleges that on March 24, 2000, he resigned from the Fire Department, and when he sought reinstatement on April 19, 2002, after treating a mental illness, the Defendants declined to rehire him on May 10, 2002. Plaintiff contends the decision not to rehire him violates state and federal laws prohibiting race and disability discrimination. (Pl's Complaint, ¶¶ 10-16). Even accepting the

1

facts alleged in Plaintiff's Complaint as true for the purposes of this motion, Plaintiff's Complaint must be dismissed as time-barred.

The Defendants seek dismissal of Plaintiff's Complaint because:

1. Plaintiff failed to timely file a complaint with the Massachusetts Commission Against Discrimination (MCAD), and therefore, his allegations of discrimination on the basis of his race, color and disability are time-barred under state law, M.G.L. ch. 151B, §5; and,

2. Plaintiff failed to timely file a complaint with the Equal Employment Opportunity Commission (EEOC), and therefore, his allegations of discrimination on the basis of his disability are time-barred under federal law, 42 U.S.C. §§ 12101 et seq., 12117(a), and 42 U.S.C. § 2000e-5(e)(1).

3. The Boston Fire Department is not a suable entity. It is not an independent legal entity but a department of the City of Boston. See Stratton v. City of Boston, 731

F.Supp. 42, 46 (D. Mass. 1989). Therefore, it is not a proper party defendant to this lawsuit.

## II.  **APPLICABLE STANDARD**

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in Plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). As a matter of law, Plaintiff's failure to file his discrimination charges in the MCAD within six months of the alleged act of discrimination or EEOC within the requisite 300 days of the alleged act of discrimination compels dismissal.

### III. PLAINTIFF FAILED TO FILE HIS DISCRIMINATION COMPLAINT WITH THE MCAD OR EEOC ACCORDINGLY, HIS COMPLAINT IS TIME-BARRED

Plaintiff failed to file a timely complaint in either the MCAD or the EEOC, and therefore, his complaint is barred under the applicable six month statute of limitations under M.G.L. ch. 151B, §5, and the 300 day statute of limitations under 42 U.S.C. § 12117(a).  On March 24, 2000, Plaintiff voluntarily resigned from the Boston Fire Department.  (Pl's Complaint, ¶ 10; Ex. 1). He sought reinstatement in a letter postmarked April 19, 2002. (Ex. 2).  On May 10, 2002, via letter Fire Commissioner Paul A. Christian declined to reemploy Plaintiff; this decision constitutes the alleged act of discrimination.  (Pl's Complaint, ¶ 12; Ex. 3).  Over two years later, on May 14, 2004, Plaintiff filed his charge of discrimination in the MCAD and the EEOC (Ex. 4).

- March 24, 2000 Plaintiff resigns

- April 19, 2002 Plaintiff seeks reinstatement

- On May 10, 2002 Fire Commissioner Paul A. Christian declines by letter to rehire Plaintiff

- May 14, 2004 Plaintiff files discrimination charges with the MCAD and EEOC

Accordingly, 734 days (approximately 24 months) lapsed before the Plaintiff filed his MCAD and EEOC complaints, rendering both time-barred.

### A. PLAINTIFF'S DISCRIMINATION CHARGES UNDER M.G.L. ch. 151B, §5, ARE BARRED BY THE SIX MONTH STATUTE OF LIMITATIONS

Pursuant to Massachusetts General Law Chapter 151B, Section 5, statute of limitations in effect at the relevant time, a person must file a charge of discrimination with the MCAD "within six months after the alleged act of discrimination."[1] M.G.L. ch. 151B, §5.  Accordingly, for Plaintiff's discrimination claims under state law to be timely, he must have filed a complaint with the MCAD within six months of the Defendants' alleged act of discrimination.  Failure to meet this six-month statute of limitations with the MCAD renders the state discrimination claims time-barred as a matter of law.

In Cuddyer v. The Stop & Shop Supermarket Co., 434 Mass. 521, 529 (2001), the Supreme Judicial Court (SJC) emphasized the "general rule that 'a knowing plaintiff has an obligation to

---

[1] On August 7, 2002, M.G.L. ch. 151B, §5 was amended extending the time period to file a charge of discrimination or harassment from six months to three hundred days after the alleged act of discrimination.  The amended statutory time frame applies to all claims that occur after November 5, 2002. Accordingly, here, the alleged act of discrimination occurred on May 10, 2002, before the amended statute of limitations was in effect.  Further, even if this court were to apply the amended 300-day statute of limitations instead, still Plaintiff's discrimination charges are time-barred.  As explained above, Plaintiff failed to file any MCAD or EEOC claims until approximately 734 days after the alleged act of discrimination.  **Accordingly, under either the six months or 300 days statute of limitations period, Plaintiff's Complaint must be dismissed as untimely.**

5

file promptly or lose his [or her] claim.'" Moreover, the Cuddyer Court explained the rationale for the rigid statute of limitations in chapter 151B cases:

> The purpose of this requirement [that Complainants meet the statute of limitations deadline] is two fold: (1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability.

Id. at 531 (citing Carter v. Commissioner of Correction, 43 Mass. App. Ct. 212, 217 (1997)). Thus, to have a valid discrimination cause of action under state law, Plaintiff would have had to file his charge with the MCAD on or about March 10, 2003. The plain language of Chapter 151B Section 5 compels dismissing the instant Complaint as time-barred as to the discrimination charges under state law.

Here, the alleged discriminatory act of refusing to reemploy Plaintiff occurred on May 10, 2002; however, Plaintiff did not initiate proceedings in the MCAD and EEOC until May 14, 2004--long after the statute of limitations period had expired. In fact, Plaintiff was told in no uncertain terms that he would not be reinstated back in May 2002. (Ex. 3). The letter from Commissioner Christian provided in pertinent part:

> I have given serious consideration to your request and after a review of your personnel history, I do not believe that reinstating you is in the best interest of the Boston Fire Department. I therefore decline to reemploy you.

6

(Ex. 3). With no ifs, ands, or buts, Plaintiff was on notice as of May 10, 2002, that the Boston Fire Department would not reemploy him.

Consequently, the statute of limitations under M.G.L. ch. 151B and the ADA began running on May 10, 2002. See Del. State College v. Ricks, 449 U.S. 250, 258 (1980), (filing limitations commenced at the time plaintiff was told he was denied tenure, not the following year when his employment was actually terminated); Dubose v. Massachusetts Bay Transp. Auth., 25 Mass. Discrimination L. Rep. 336 (2003) (the limitations period began to run when complainant learned of decision not to promote her where complainant sued for denial of promotion).

In sum, Plaintiff's chapter 151B discrimination charges were not filed within six months of the Boston Fire Department's letter dated May 10, 2002, and therefore, Plaintiff's claims that the Defendants violated M.G.L. ch. 151B, are barred by the statute of limitations. As the Supreme Court explained, "[t]he limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." Del. State College v. Ricks, 449 U.S. 250, 256-257 (1980). Accordingly, Plaintiff's claims under M.G.L. ch. 151B, §5 should be dismissed as time-barred.

**B. PLAINTIFF FAILED TO FILE HIS DISCRMINATION COMPLAINT WITH THE EEOC WITHIN THE REQUIRED 300 DAYS; THUS, HIS COMPLAINT IS TIME-BARRED**

Plaintiff's complaint is barred under the federal statute of limitations also. The Americans with Disabilities Act (ADA) requires a plaintiff to file a charge of discrimination within 300 days of the alleged act of discrimination. See 42 U.S.C. § 12117(a).[2] Plaintiff's failure to file a complaint with either the MCAD or EEOC within 300 days of the Commissioner's letter dated May 10, 2002, which denied his request for reinstatement, renders his federal ADA action barred under the statute of limitations. "[I]f a claimant initially institutes proceedings with a state or local agency, a charge can be filed with the EEOC up to 300 days after the discriminatory act." Equal Employment Opportunity Commission, v. Donald E. Green, Law Offices, 76 F.3d 19, 20 (1st Cir. 1996); see also, Sabree v. United Bhd. Of Carpenters & Joiners, 921 F.2d 396, 399 (explaining that in Massachusetts a plaintiff must file the EEOC charge within 300 days of the discriminatory act). In sum, Plaintiff's federal claims that the Defendants violated the ADA are barred under the statute of limitations.

---

[2] Plaintiff's Complaint does not allege a violation of Title VII; however, even if he did the same 300 day statute of limitations applies, under 42 U.S.C. §2000e-5(e)(1), and would bar a Title VII action.

8

### C. THE BOSTON FIRE DEPARTMENT IS NOT A SUABLE ENTITY AND MUST BE DISMISSED

The Boston Fire Department is not a suable entity. See Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971). It is not an independent legal entity but a department of the City of Boston. See Stratton v. City of Boston, 731 F.Supp. 42, 46 (D. Mass. 1989). Therefore, it is not a proper party defendant to this lawsuit. See Curran v. City of Boston, 777 F.Supp. 116, 120 (D. Mass. 1991). Furthermore, if a city department may be successfully sued, it is the city that will pay; the result is the same as suing the city. Henschel, at 624. Consequently, it is duplicative for Plaintiff to bring an action against the Boston Fire Department and the City as he has already named the City as a defendant in his Complaint. Therefore, Plaintiff's summary judgment must be granted in favor of the Boston Fire Department.

### IV. CONCLUSION

For the reasons stated above, the Defendants, Boston Fire Department, Chief Joseph Finn, and the City of Boston, respectfully request that Plaintiff's Complaint be dismissed with prejudice.

9

Respectfully submitted,

DEFENDANTS, BOSTON FIRE
DEPARTMENT, CHIEF JOSEPH
FINN, CITY OF BOSTON

Merita A. Hopkins
Corporation Counsel

By their attorney:


/s/ Kate Cook
Kate Cook    BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022

Form 3A

# BOSTON FIRE DEPARTMENT

..........................................19

From:

To:   THE FIRE COMMISSIONER

Subject:

To whom it may concern,

As of, Friday March 24th, 2000 I Michael L. Hendricks, JR resign from my position as firefighter on the Boston Fire Department.

Sincerely,

Michael L. Hendricks, Jr.

RECEIVED
MAR 24 2000
OFFICE OF FIRE COMM.

Hendricks, Jr.
St. #2
Ma. 02121


BOSTON MA 021
PM
19 APR
2002



Boston Fire Department
Commissioner Paul S. Christian
115 Southampton St.
Boston, Ma. 02118

02118/2731

Hendricks, Jr.

Michael L. Hendricks, Jr.
40 Fowler St.
Dorchester, Ma. 02121

Boston Fire Department
Commissioner Paul S. Christian
115 Southampton St.
Boston, Ma. 02118

Dear Sir,

I, Michael L. Hendricks, Jr., am writing this letter to request reinstatement to the Boston Fire Department. Approximately 2 years ago I resigned from a firefighter's position while I was suffering from an untreated mental illness. Since then, I have been in psychiatric treatment and respectfully request to be reinstated as a member of the Boston Fire Department.

Sincerely,

*[signature: Michael Hendricks]*

Michael L. Hendricks, Jr.

Form 5A

# BOSTON FIRE DEPARTMENT

................................................19

From:

To:   THE FIRE COMMISSIONER

Subject:

To whom it may concern,

As of, Friday March 24th, 2000 I Michael L. Hendricks, Jr Resign from my position as Firefighter on the Boston Fire Department.

Sincerely,

Michael L. Hendricks Jr.

RECEIVED
MAR 24 2000
OFFICE OF FIRE COMM.

# Boston

May 10, 2002

Mr. Michael L. Hendricks, Jr.
40 Fowler Street
Dorchester, MA 02121

Dear Mr. Hendricks:

I have received your letter of recent date in which you request reinstatement to the Boston Fire Department.

I have given serious consideration to your request and after a review of your personnel history, I do not believe that reinstating you is in the best interest of the Boston Fire Department. I therefore decline to reemploy you.

Very truly yours,

BOSTON FIRE DEPARTMENT

PAUL A. CHRISTIAN
Fire Commissioner/Chief of Department

PAC/m



Thomas M. Menino, Mayor/FIRE DEPARTMENT/115 Southampton Street 02118

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

| MCAD DOCKET NUMBER: 04BEM01510 | EEOC/HUD CHARGE NUMBER: 16CA401779 |
|---|---|
| FILING DATE: 05/14/04 | VIOLATION DATE: 05/06/04 |

Name of Aggrieved Person or Organization:
Michael Hendricks
40-42 Fowler St
Boston, MA 02121
Primary Phone: (617)825-8645 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Boston Fire Dept
Human Resources
115 Southampton St
Boston, MA 02111

Joseph Finn
c/o Boston Fire Dept.
115 Southampton St
Boston, MA 02111

No. of Employees:        25+

Work Location: Boston, MA

Cause of Discrimination based on:
Disability, Disability; Race, Color, Black (Non-Hispanic).

The particulars are:
I, Michael Hendricks, the Complainant believe that I was discriminated against by Boston Fire Dept, Joseph Finn, on the basis of Disability, Race, Color. This is in violation of M.G.L. 151B Section 4 Paragraph 1, 16 and Title VII, ADA.