Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-05480
### Hindricks, Jr v Boston Fire Department et al

| File Date | 12/16/2004 | Status | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| Status Date | 03/11/2005 | Session | G - Civil G | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 03/16/2005 | Answer | 05/15/2005 | Rule12/19/20 | 05/15/2005 |
| Rule 15 | 05/15/2005 | Discovery | 10/12/2005 | Rule 56 | 11/11/2005 |
| Final PTC | 12/11/2005 | Disposition | 02/09/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Michael Hindricks, Jr
Active 12/16/2004

**Private Counsel 639119**
Dana B Johnson
PO Box 133
Malden, MA 02148
Phone: 781-321-3762
Fax:
Active 12/16/2004 Notify

**Defendant**
Boston Fire Department
Service pending 12/16/2004

**Private Counsel 650698**
Kate Cook
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4022
Fax: 617-635-6199
Active 03/11/2005 Notify

**Defendant**
Joseph Finn, Chief City of Boston
Service pending 12/16/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/16/2004 | 1.0 | Complaint filed with request for trial by jury |
| 12/16/2004 | | Origin 1, Type B22, Track F. |
| 12/16/2004 | 2.0 | Civil action cover sheet filed |
| 03/10/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Boston Fire Department, Chief Finn and City Of Boston U. S. Dist.#(05-10457EFH). |
| 03/11/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
MARCH 14, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
Docket:

04-5480

Michael Hendricks, Jr.

v.

Boston Fire Department, Chief Joseph Finn, City of Boston

### COMPLAINT

### DEMAND FOR TRIAL BY JURY IN SUPERIOR COURT

1. The Plaintiff Michael Hendricks, Jr. is an adult individual who at all times relevant resided at 40 Fowler Street, Dorchester, MA. Hendricks is a black male who has a mental disability known to the defendants.

2. The Defendant, City of Boston, upon information and belief, is a municipal organization, located at One City Hall Plaza, Boston, Suffolk County, Massachusetts.

3. The Defendant, Chief Joseph Finn, upon information and belief, is a municipal employee, employed by the Defendant, Boston Fire Department, who works at 115 Southampton Street, Boston, Suffolk County, Massachusetts, and was, at all times, acting as a municipal employee.

4. The Defendant, Boston Fire Department, upon information and belief, is a municipal department of the City of Boston, located at 115 Southampton Street, Boston, Suffolk County, Massachusetts, subject to Massachusetts General Laws, Chapter 48 and Chapter 151B.

1

5. The City of Boston and the Boston Fire Department are municipal corporations subject to Massachusetts General Laws 258.

6. The Plaintiff is employed by the City of Boston Fire Department as a fire fighter and has worked for the City of Boston Fire Department since 10/29/97.

7. The Plaintiff sustained a documented lumbar sprain on 1/5/00, which was witnessed by Fr. Capehart and immediately reported to DFC O'Donnell. The Plaintiff was seen by St. Elizabeth's Hospital and given physical therapy for his injury from January 2000 until March 2000.

8. On February 24, 2000, while out on leave, Arbour Hospital diagnosed the Plaintiff with a mental illness. On February 29, 2000, Dr. Hamrock, the Department physician, noted a differential diagnosis of "bipolar vs. schizoaffective disorder vs. drug use." Dr. Hamrock discussed the Plaintiff with Arbour Hospital and determined that the Plaintiff was most likely suffering from some type of mental illness. Plaintiff was put on indefinite leave of absence due to mental disability by the Respondent.

9. On March 15, 2000, the Plaintiff was diagnosed with bipolar disorder.

10. On March 24, 2000, the Plaintiff resigned his position as a firefighter under the illness induced belief that the Boston Fire Department was conspiring against him.

11. On February 26, 2003, he requested that he be allowed to return to his position of fire fighter, as he had completed treatment for his mental illness, was stable on his medication, and was now ready and able to return to work as a fire fighter. He maintained telephone contact with the Boston Fire

2

Department through Deputy Chief Finn, asking for information on what he needed to do in order to be reinstated. The Plaintiff proceeded to follow the actions as ordered by the Defendants.

12. The Defendants declined to rehired the Plaintiff, citing his actions while in a delusional state. Given the open access the Plaintiff gave to the Defendants, the Defendants have no reason to continue in the belief that the Plaintiff would revert to a delusional state again.

13. The Defendants were aware of the Plaintiff's mental illness and should not have accepted a resignation tendered during what the Defendants knew was a delusional state.

14. The Defendants are aware that the Plaintiff is now ready, willing and able to perform his job.

15. The Defendants are acting in a manner contrary to the Americans with Disability Act and M.G.L.c. 151(b).

16. The Defendants have declined to rehire the Plaintiff because of his race.

17. The Defendants are acting in a manner contrary to M.G.L.c. 151(b).

Wherefore, the Plaintiff prays and demands of this Court that:

A.) Judgment he entered against the Defendants, City of Boston. and Boston Fire Department.

B.) The Plaintiff be awarded punitive damages under Massachusetts General Laws Chapter 151 B section 5 from the Defendants, City of Boston. and Boston Fire Department, for their willful, knowing, intentional, and unlawful actions to the Plaintiff.

C.) The Plaintiff Be awarded such other relief as this Court deems just, equitable

and proper.

D. ) Judgment include an award of interest, costs, and reasonable attorney fees.

Demand for trial by Jury in the Superior Court.

/s/ Dana Johnson
Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO #639119

December 14, 2004

I HEREBY ATTEST AND CERTIFY ON
MARCH 14, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK

4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-5480-H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

**PLAINTIFF(S)**
Michael Hendricks

**DEFENDANT(S)**
Boston Fire Dept, City of Boston, Dept. Chief Finn

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Dana Johnson, PO Box 133
Malden MA 02148   781-321-3762
Board of Bar Overseers number: 639119

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Emp Dis | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................
2. Total Doctor expenses ..................
3. Total chiropractic expenses ............
4. Total physical therapy expenses ........
5. Total other expenses (describe) ........
   Subtotal $ 100,000.00
B. Documented lost wages and compensation to date .... $ 100,000.00
C. Documented property damages to date ...............
D. Reasonably anticipated future medical and hospital expenses ...
E. Reasonably anticipated lost wages ................. $ 200,000.00
F. Other documented items of damages (describe) ..... $ .........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Loss of employment and future employment

TOTAL $ 300,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 12/13/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MARCH 14, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK

*Suffolk Superior Civil #04-5480*

**COPY**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05 10457 EFH

MICHAEL HENDRICKS, JR.
Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN and CITY OF
BOSTON
Defendants.



I hereby certify on 3/10/05 that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed on _____ original filed in my office on 3/10/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____ Deputy Clerk

**NOTICE OF REMOVAL**
(Pursuant to 28 U.S.C. §1441)

The Defendants, Boston Fire Department, Chief Joseph Finn and City of Boston, petition, pursuant to 28 U.S.C. §1441, for removal from the Suffolk Superior Court Department of the Trial Court, the civil action entitled <u>Michael Hendricks v. Boston fire Department, Chief Joseph Finn and City of Boston</u>, currently pending in Suffolk Superior Court Civil Action No. 04-5480.

1. This action alleges that Defendants Boston Fire Department, Chief Joseph Finn and the City of Boston violated the Americans with Disabilities Act, 42 U.S.C., § 12101, et. seq. This action clearly "arises under the Constitution treaties or laws of the United States" and is therefore removable under 28 U.S.C. §1441;

2. A fair reading of the facts and theories as a whole make it apparent that federal law and issues are an essential part of the case and therefore, Defendants have the statutory right to remove this action;

3. This Notice of Removal is being filed within thirty (30) days of service upon Defendants, Boston Fire Department, Chief Finn, and the City of Boston.

WHEREFORE, Defendants petition that this action be removed.

Respectfully submitted,
DEFENDANTS, BOSTON FIRE
DEPARTMENT, CHIEF FINN and CITY
OF BOSTON,
By their attorney,

/Kate Cook/
Kate Cook-BBO#650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, MA 02201
(617) 635-4022

I HEREBY ATTEST AND CERTIFY ON
MARCH 14, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: /signature/
ASSISTANT CLERK.

### CERTIFICATE OF SERVICE

I, Kate Cook, hereby certify that on this date I served a copy of the foregoing documents upon: Dana Johnson, P.O. Box 133, Malden, MA 02148.

3/10/05
Date

/Kate Cook/
Kate Cook