UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 MAY 26  P 1: 26

CIVIL ACTION NUMBER: 05-CV-10457 EFH

MICHAEL HENDRICKS, JR.

V.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, AND
CITY OF BOSTON

## PLAINTIFF'S OPPOSITION TO BOSTON FIRE DEPARTMENT, CHIEF JOSEPH FINN, AND THE CITY OF BOSTON'S MOTION TO DISMISS

NOW comes the Plaintiff, Michael Hendricks, and moves this Court to

DENY the Defendants' Motion to Dismiss in its entirety.

In support thereof, the Plaintiff states the following:

1. The Plaintiff resigned from the Boston Fire Department on March 24, 2000

   at a time when the Defendants were aware that he was suffering from a

   then undiagnosed mental illness. Based upon the facts at that time, the

   Defendants knew that the Plaintiff was not making an informed decision.

   The plaintiff resigned under pretextual reasons, that in his mind while in the

   throes of his mental illness, were reasonable.

2. The Plaintiff obtained treatment for his mental illness, and, as soon as he

   was physically able, and having obtained a medical opinion of fitness,

   attempted to return to the Boston Fire Department on May 10, 2002.

3. His return was initially denied, based upon actions taken while the Plaintiff

   was suffering from his mental illness.

4. The Plaintiff consulted with Defendant Chief Finn, hereinafter Finn, regarding what he needed to do in order to return to his position.

5. Finn provided the Plaintiff with information on actions the Plaintiff needed to take to return to his position. The Plaintiff's actions took place over the time period of 1 ½ years, the Plaintiff remaining on contact with Finn during this time period to keep Finn updated as to the Plaintiff's progress.

6. Despite taking the actions as described by Chief Finn, the Plaintiff was not returned to duty, but was constantly and consistently told that he would be reinstated at the earliest opportunity. The plaintiff was aware that the City of Boston had a "hiring freeze" and was willing to wait until an opening occurred, based upon the promises made to him.

7. When the Plaintiff learned that a new class was hired, and he had not been notified, he filed his complaint at MCAD (and with EEOC), and later withdrew that complaint and filed in Massachusetts Superior Court.

8. The Defendants transferred the case to Federal Court and later filed a Motion for Summary Judgment.

9. Despite requesting a copy of the Motion and being sent a Certificate of Service on two separate occasions, the Plaintiff did not receive a copy of the Motion for Summary Judgment until May 12, 2005 and so was unable to respond in a timely manner.

10. After reviewing the Motion for Summary Judgment, the Plaintiff notes that when he requested reinstatement to the Boston Fire Department, he relied upon the express promises of Chief Joseph Finn that he would be returned

to employment if he followed the directions of Finn and engaged in certain
activities, such as a drug rehabilitation program through the Employee
Assistance Program of the Boston Fire Department.

11. The Plaintiff continued in his efforts to return to the Boston Fire Department
and continued to rely upon the promises of Finn until 2004 when he again
requested reinstatement again in 2004, a request which was again denied.

12. At this time, the Plaintiff realized that he had completed the assigned
programs, that a new class was starting, and that he was not being
considered for rehire.

13. At that time, the Plaintiff filed a Complaint with the Massachusetts
Commission Against Discrimination, well within the 300 day Statute of
Limitation, and with the EEOC, also within the 300 day Statute of Limitation.
Because he filed within the 300 day limit of, his claims are not time barred.

14. The Defendants claim that the Boston Fire Department is not a suable entity
based upon *Henschel v. Worcester Police Department*, 445 F.2d 624 (1st
Cir. 1971) and *Stratton v. City of Boston*, 731 F.Supp. 42 (D. mass. 1989).
Both these cases, however, assert civil rights claims. If the Plaintiff were
asserting a claim under 42 U.S.C.A. § 1983, the Defendants would indeed
be correct that in that a civil rights claim against a government entity would
be designated as a claim against the City. This claim, however, is under
Commonwealth law 151B, and Federal law 42 U.S.C. § 12101.

THEREFORE, the Plaintiff requests that this Court DENY the Motion to Dismiss.

Respectfully Submitted,
Michael Hendricks,
By his attorney,

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO #639119

May 24, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 05-CV-10457 EFH

MICHAEL HENDRICKS, JR.

V.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, AND
CITY OF BOSTON

## PLAINTIFF'S MEMORANDUM OF LAW

### I INTRODUCTION

The Plaintiff resigned from the Boston Fire Department on March 24, 2000
at a time when the Defendants were aware that he was suffering from a then
undiagnosed mental illness, as documented by the Department's own
physician, Dr. Hamrock. Based upon the facts at that time, the Defendants
knew that the Plaintiff was not making an informed decision. In spite of
knowing the Plaintiff was not capable of making a decision at that time, the
Department accepted his resignation.

The Plaintiff later obtained treatment for his mental illness, and, as soon
as he was physically able, and having obtained a medical opinion of fitness,
attempted to return to the Boston Fire Department on May 10, 2002. His return
was initially denied, based upon actions taken while the Plaintiff was suffering
from his mental illness.

The Plaintiff consulted with Finn, in order to learn what he needed to do in order to be reinstated. Finn encouraged the Plaintiff, told him what medical records and certifications would be necessary in order for him to be reinstated, and the Plaintiff obtained the records and certifications. After obtaining the records and certifications, Finn instructed the Plaintiff to enroll in a drug rehabilitation program through the Department's Employee Assistance Program. This program lasted 6 months. The Plaintiff enrolled and competed the program. Again, the Plaintiff consulted with Finn regarding his reinstatement.

Finn relayed that the Department had a hiring freeze and could not reinstate the Plaintiff until the freeze had been lifted. The Plaintiff agreed to wait. Once the freeze was lifted, the Plaintiff learned that he would not be considered for re-hire, that he had never been considered for re-hire, and that the above actions he had taken were all in vain. At this point, he filed his claim with MCAD and EEOC.

## II APPLICABLE STANDARDS

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact for trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. After such a showing, the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact

reasonably could find in his favor. *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997) (citing *Celotex*, 477 U.S. at 322 -25).

In the end, upon examining the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor, see *Dubois*, 102 F.3d at 1284, the Court is required to determine if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Summary judgment is appropriate when the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See *Fed. R. Civ. P.* 56(c). A fact becomes material when it has the potential to affect the outcome of the suit. See *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1250-51 (1st Cir.), cert. denied, 117 S. Ct. 81 (1996). We are not "wedded to the district court's reasoning. Rather, '[w]e are free, on appeal, to affirm [or reverse] a judgment on any independently sufficient ground.'" *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990) (quoting *Polyplastics, Inc. v. Transconex, Inc.*, 827 F.2d 859, 860-61 (1st Cir. 1987)).

Summary judgment may be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P.* 56(c). [T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment....

- 7 -

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, to be considered material, a disputed fact must have the potential to affect the outcome of the suit under the governing law. Id. at 248.

In this case, the Plaintiff first contacted Chief Finn of the Boston Fire Department in 2002 to request that he be allowed to return to the Boston Fire Department. On February 26, 2002, he requested that he be allowed to return to his position of fire fighter, as he had completed treatment for his mental illness, was stable on his medication, and was now ready and able to return to work as a fire fighter. His request was denied on May 10, 2002. He maintained contact with the Boston Fire Department, asking for information on what he needed to do in order to be reinstated.

In response to requests from the Boston Fire Department, the Plaintiff obtained medical information confirming his current medical and mental status, references, and other information as requested by Finn.

On April 17, 2003, upon the instruction of Deputy Chief Finn, the Plaintiff enrolled in the Employee Assistance Program for rehabilitation of drug use, even though all his records documented that he did not have a problem with drug abuse. The Plaintiff participated in the program for approximately 6 months. The EAP program is a program for employees of the Boston Fire Department and is not open to any "outsiders." The Plaintiff was allowed, and even encouraged, to use THIS program, which demonstrates the Defendants' belief in the Plaintiff's continuing ties to the Defendants.

- 8 -

The Plaintiff and his attorney, Paul Hajjar, continued to be encouraged by the Defendants regarding the Plaintiff's return to work. In 2005, the Plaintiff learned that new classes were held and new fire fighters hired without him receiving due consideration, contrary to the information he had received from Finn up to that time.

The Defendants claim that the Statute of Limitation should be calculated from May 10, 2002 when the Plaintiff received a letter declining his re-employment. The Defendants, however, are not crediting the continuing efforts of the Plaintiff with the Department nor is it explaining the Department's subsequent actions toward the Plaintiff. The Defendants should be estopped from claiming the Statute of Limitations, as the Defendants' own actions perpetuated the Plaintiff's belief that the Defendants intended to rehire him. The Defendants have, since the initial letter, given the Plaintiff representation and direction, which would encourage the average person to believe that Defendants would rehire the Plaintiff if the Plaintiff were to follow the recommendations of the Defendants and funding were available to rehire. This the Plaintiff did, not pressing forward with his Complaint until the Defendant's later actions proved that the Defendants had no intention of rehiring the Plaintiff. The Plaintiff based his decision not to file with MCAD or EEOC earlier because of the promises made by the Defendants.

Under the doctrine of promissory estoppel in Massachusetts, '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the

promise.' *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d 1364, 1380 (1st Cir. 1991) (quoting *McAndrew v. School Comm. of Cambridge*, 480 N.E.2d 327, 332 (Mass. App. Ct. 1985) (quoting *Restatement (Second) of Contracts* 90(1) (1981)). To prove his promissory estoppel claims, a party must adduce evidence of reliance - that is, he must demonstrate that he undertook an 'act or omission resulting from representations. *Presto v. Sequoia Sys., Inc.,* 633 F. Supp. 1117, 1120 (D. Mass. 1986) (quoting *Cellucci v. Sun Oil Co.*, 320 N.E.2d 919, 923 (Mass. App. Ct. 1974), aff'd, 331 N.E.2d 813 (Mass. 1975)). In this case, the Plaintiff did not file a compliant with MCAD or EEOC simply because the Defendants informed him that he could not be hired immediately due to a lack of funding, that once he completed the recommended programs, he would definitely be on the list for rehire. Because of these statements, the Plaintiff reasonably believed that he only needed to wait until the next time the Fire Department was hiring, and he would be returned to work as he had completed all the recommendations made to him.

A promissory estoppel cause of action demands a promise involving commitment, or the manifestation of an intention to act or refrain from acting in a specified way. *Rhode Island Hosp. Trust Nat. Bank v. Varadian*, 647 N.E.2d 1174, 1179 (Mass. 1995). See *Hall,* 506 N.E.2d at 184; see also *Santoni v. Federal Deposit Ins. Corp.*, 677 F.2d 174, 179 (1st Cir. 1982) (stating that the promise must be definite and certain so that the promisor should foresee that it would induce reliance by the promisee). To prove a claim of promissory estoppel under Massachusetts law, "a plaintiff must allege that (1) a promisor makes a

promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." *Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002) (citing *Loranger Const. Corp. v. E. F. Hauserman Co.*, 374 N.E.2d 306, 308 (Mass. App. Ct. 1978)). "An element of promissory estoppel is that the party invoking it must have reasonably relied on the alleged promise to his detriment." *Coll v. PB Diagnostic Sys., Inc.*, 50 F.3d 1115, 1124 (1st Cir. 1995) (quoting *Hall v. Horizon House Microwave, Inc.*, 506 N.E.2d 178, 184 (Mass. App. Ct. 1987) (emphasis added in *Hall* )); see *Loranger Constr. Corp. v. E. F. Hauserman Co.*, 374 N.E.2d 306, 311 (Mass. App. Ct. 1978) (dictating that in the context of a promissory estoppel claim, "attention is to be focused upon the reasonableness of th[e] reliance"), aff'd, 384 N.E.2d 176 (Mass. 1978); see also *Josephs v. Pizza Hut of Am. Inc.*, 733 F.Supp. 222, 226 (W.D. Pa. 1989), aff'd, 899 F.2d 1217 (3d Cir. 1990).The Plaintiff both took action and refrained from taking action based upon the promises made to him.  He refrained form taking legal action (filing with MCAD or with EEOC) that he knew he was able to take in response to the promises made to him.  The Defendants knew or should have known that the promises made to the Plaintiff would be sufficient in and of themselves to prevent the Plaintiff from taking legal action at the time the promises were made, and until such time as the Plaintiff had reason to believe that the promises would not be kept.  The Defendants told the Plaintiff that the Fire Department had a hiring freeze, a fact which the Plaintiff knew to be true.  As long as such a freeze

- 11 -

existed, the Plaintiff could not be rehired. Once the freeze was lifted the Plaintiff expected an immediate response from the Defendants. It is only after the freeze was lifted and the Plaintiff not only not rehired, but not even considered, did the Plaintiff become aware that the promises made were false. The Plaintiff also took action in that he spent hours of his time obtaining medical records and certifications as requested by the Defendants, ad later, hours of his time in a drug rehabilitation program that he did not need. The Plaintiff would have taken none of these actions if not for the promise of re-hire.

### III THE PLAINTIFF'S CLAIM IS FILED WITHIN THE STATUTORY TIME PERIOD

The Defendants claim that the Statute of Limitations began to run when the Defendants initially rejected the Plaintiff's reapplication. The Plaintiff became aware that the freeze was lifted in January 2004, therefore he filed within the Statute of Limitations. The Defendants are estopped form using this date due to the actions of the Defendants themselves. After his initial application was rejected, Finn instructed the Plaintiff on actions he needed to take in order to be reinstated. The Plaintiff took these actions. These actions included use of the Employee Assistance Program of the Boston Fire Department, available only to employees of the Boston Fire Department, which demonstrates the Defendants' belief in the Plaintiff's continuing ties to the Defendants. The Plaintiff used the EAP program for approximately 6 months. (See Plaintiff's Response to Position Statement as filed with MCAD). The Defendants' refusal to place the plaintiff in the January 2004 class was the latest act of discrimination incurred by the Plaintiff, based upon the promises made to the plaintiff by the Defendants. Until

the hiring freeze was lifted the Plaintiff, who had taken acted based upon the promises of the Defendants, was unaware that the Defendants had no intention of rehiring him.

15. The Defendants claim that the Boston Fire Department is not a suable entity. They base this claim upon an incorrect premise – that a discrimination claim under state and/or federal law is a civil rights claim. Both cases cited by the Defendants state that same thing – that a civil rights claim against a government entity is the same as a civil rights claim against the City. The Defendants cite no case law that states that a discrimination claim warrants the same treatment. If the Plaintiff were asserting a claim under 42 U.S.C.A. § 1983, the Defendants would indeed be correct that in that a civil rights claim against a government entity would be designated as a claim against the City. This claim, however, is under Commonwealth law 151B, and Federal law 42 U.S.C. § 12101. Even if the above were true, which the plaintiff disputes, the case against the remaining defendants, Finn and the City of Boston, remains.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss should be denied against all parties and this matter allowed to go forward.

> Respectfully Submitted,
> Michael Hendricks,
> By his attorney,

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO #639119

May 24, 2005