UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05- CV-10457-EFH

MICHAEL HENDRICKS, JR.
    <u>Plaintiff</u>,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    <u>Defendants</u>.

**<u>DEFENDANTS BOSTON FIRE DEPARTMENT AND THE CITY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND.</u>**

NOW COMES Boston Fire Department and the City of Boston, (hereinafter "Defendants") Defendants in the above-entitled action, and hereby answer the Complaint of the Plaintiff, as follows:

1.    Defendants, admit that that Mr. Hendricks is a black male. As to the remaining allegations contained within paragraph one, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one of the Complaint, and therefore neither admit nor deny said allegations.

2.    Defendants admit the allegations contained in paragraph two of the Complaint.

3.    Defendants admit the allegations contained in paragraph three of the Complaint.

4.    Defendants admit that the Boston Fire Department is a department within the City of Boston, and that said

Department is located at 115 Southampton Street, Boston, Massachusetts. The remaining allegation in paragraph four of the Complaint states a legal conclusion and as such it does not require a response.

5. The Defendants admit that the City of Boston is a municipal corporation. The Defendants deny that the Boston Fire Department is a municipal corporation, rather it is an agency or department within the City of Boston. The remaining allegation in paragraph five of the Complaint states a legal conclusion and as such it does not require a response.

6. Defendants deny that Plaintiff is currently employed by the Boston Fire Department. Defendants admit that Plaintiff began working for the Boston Fire Department on October 29, 1997.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint, and therefore neither admit nor deny said allegations.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the complaint, and therefore neither admit nor deny said allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the complaint, and therefore neither admit nor deny said allegations.

10. Defendants admit that Mr. Hendricks resigned on March 24, 2000, from the Boston Fire Department. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph ten of the complaint, and therefore neither admit nor deny said allegations.

11. Defendants admit that Michael Hendricks asked Defendant Chief Joseph Finn for information on what he needed to do in order to be reinstated. As to the remaining allegations in paragraph eleven, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph eleven of the complaint, and therefore neither admit nor deny said allegations.

12.  Defendants admit that the Boston Fire Department has declined to re-hire Mr. Hendricks.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twelve of the complaint, and therefore neither admit nor deny said allegations.

13.  Paragraph thirteen of the Plaintiff's Complaint states a legal conclusion and as such does not require a response.  To the extent that paragraph thirteen alleges facts each and every allegation is denied.

14.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the complaint, and therefore neither admit nor deny said allegations.

15.  Paragraph fifteen of the Plaintiff's Complaint states a legal conclusion and as such does not require a response.  To the extent that paragraph fifteen alleges facts each and every allegation is denied.

16.  Defendants deny the allegations in paragraph sixteen.

17.  Paragraph seventeen of the Plaintiff's Complaint states a legal conclusion and as such does not require a response.  To the extent that paragraph seventeen alleges facts each and every allegation is denied.

### **AFFIRMATIVE DEFENSES**

#### First Affirmative Defense

The action is barred by the applicable statute of limitations.

#### Second Affirmative Defense

The Plaintiff has failed to commence this action within the time afforded by the pertinent statutes of the

Commonwealth of Massachusetts and therefore cannot maintain this action.

### Third Affirmative Defense

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

The injuries or damages alleged in Plaintiff's Complaint were neither caused nor proximately caused by the Defendants.

### Fifth Affirmative Defense

Any injury or deprivation suffered by the Plaintiff was caused in part or in whole by the actions of persons or entities over whom the Defendants have no control and for whom the Defendants are not responsible.

### Sixth Affirmative Defense

The Defendants, City of Boston, answering states that it is a public employer under M.G.L. c. 258 §1.

### Seventh Affirmative Defense

The Defendant, City of Boston, states that at all times relevant hereto, it acted in accordance with all

relevant laws of the United States and the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

The Defendant, City of Boston, states that punitive damages are not recoverable against a municipality. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

### Ninth Affirmative Defense

The Defendant, City of Boston, states that the Plaintiff has failed to mitigate his damages.

### Tenth Affirmative Defense

The Defendant, City of Boston, states that the Plaintiff has not complied with the requirements of G.L. c. 151B.

### Eleventh Affirmative Defense

The Defendant, City of Boston, states that the Plaintiff, by his own acts, omissions, conduct and activities, is estopped from asserting any claim against the City of Boston.

### **JURY DEMAND**

The Defendants demand a trial by jury on all issues.

*Wherefore*, the Defendants, demand judgment in their favor against the Plaintiff, Michael Hendricks dismissing Plaintiff's Complaint with prejudice and such further relief as the court may deem appropriate.

```
                              DEFENDANT, BOSTON FIRE
                              DEPARTMENT AND THE CITY OF
                              BOSTON
                              Merita A. Hopkins
                              Corporation Counsel
                              By their attorney:


                              ___/s/ Kate Cook_____
                              Kate Cook  BBO# 650698
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201  (617) 635-4022
```

**CERTIFICATE OF SERVICE**

I, Kate Cook, hereby certify that on October 31, 2005, I served The Defendants Boston Fire Department and the City of Boston's Answer With Affirmative Defenses by mailing a copy, postage prepaid, to the following:

    Dana Johnson, Esq.
    P.O. Box 133
    Malden, MA 02148


October 31, 2005    /s/ Kate Cook
Date    Kate Cook

6