UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05- CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

**DEFENDANT CHIEF JOSEPH FINN'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND.**

NOW COMES Chief Joseph Finn, Defendant in the above-entitled action, and hereby answer the Complaint of the Plaintiff, as follows:

1.  Defendant, Chief Finn, admits that that Mr. Hendricks is a black male. As to the remaining allegations contained within paragraph one, Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint, and therefore neither admits nor denies said allegations.

2.  Defendant Chief Finn admits the allegations contained in paragraph two of the Complaint.

3.  Defendant Chief Finn admits the allegations contained in paragraph three of the Complaint.

4.  Defendant Chief Finn admits that the Boston Fire Department is a department within the City of Boston, and that said Department is located at 115 Southampton Street, Boston, Massachusetts. The remaining allegation in

paragraph four of the Complaint states a legal conclusion and as such it does not require a response.

5.  Defendant Chief Finn admits that the City of Boston is a municipal corporation.  The Defendant Chief Finn denies that the Boston Fire Department is a municipal corporation; rather it is an agency or department within the City of Boston.  The remaining allegation in paragraph five of the Complaint states a legal conclusion and as such it does not require a response.

6.  Defendant Chief Finn denies that Plaintiff is currently employed by the Boston Fire Department. Defendant Chief Finn admits that Plaintiff began working for the Boston Fire Department on October 29, 1997.

7.  Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint, and therefore neither admits nor denies said allegations.

8.  Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the complaint, and therefore neither admits nor denies said allegations.

9.  Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the complaint, and therefore neither admits nor denies said allegations.

10. Defendant Chief Finn admits that Mr. Hendricks resigned on March 24, 2000, from the Boston Fire Department.  The Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph ten of the complaint, and therefore neither admit nor deny said allegations.

11. Defendant Chief Finn admits that Michael Hendricks asked him for information on what he needed to do in order to be reinstated. As to the remaining allegations in paragraph eleven, the Defendant Chief Finn is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph eleven of the complaint, and therefore neither admits nor denies said allegations.

12.  Defendant Chief Finn admits that the Boston Fire Department has declined to re-hire Mr. Hendricks. Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twelve of the complaint, and therefore neither admit nor deny said allegations.

13.  Paragraph thirteen of the Plaintiff's Complaint states a legal conclusion and as such does not require a response. To the extent that paragraph thirteen alleges facts each and every allegation is denied.

14.  Defendant Chief Finn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the complaint, and therefore neither admits nor denies said allegations.

15.  Paragraph fifteen of the Plaintiff's Complaint states a legal conclusion and as such does not require a response. To the extent that paragraph fifteen alleges facts each and every allegation is denied.

16.  Defendant Chief Finn denies the allegations in paragraph sixteen.

17.  Paragraph seventeen of the Plaintiff's Complaint states a legal conclusion and as such does not require a response.  To the extent that paragraph seventeen alleges facts each and every allegation is denied.

### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

The Complaint fails to state a claim against the Defendant, Chief Joseph Finn, upon which relief may be granted.

*Second Affirmative Defense*

The Defendant, Chief Joseph Finn, states that at all relevant times, he acted in good faith and in accordance with the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

*Third Affirmative Defense*

The Defendant, Chief Joseph Finn, states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States, or of the Commonwealth of Massachusetts.

*Fourth Affirmative Defense*

The Defendant, Chief Joseph Finn, states that the Plaintiff, by his own acts, omissions, conduct and activities, is estopped from asserting any claim against Chief Joseph Finn.

*Fifth Affirmative Defense*

The Defendant, Chief Joseph Finn, states that any injury or loss suffered by the Plaintiff was caused in whole or in part by the Plaintiff's own acts or failure to act.

*Sixth Affirmative Defense*

The Defendant, Chief Joseph Finn, states that the Plaintiff has failed to mitigate his damages.

*Seventh Affirmative Defense*

The action is barred by the applicable statute of limitations.

*Eighth Affirmative Defense*

The Plaintiff has failed to commence this action within the time afforded by the pertinent statutes of the Commonwealth of Massachusetts and therefore cannot maintain this action.

*Fourth Affirmative Defense*

The injuries or damages alleged in Plaintiff's Complaint were neither caused nor proximately caused by the Defendant Chief Joseph Finn.

**JURY DEMAND**

The Defendant demands a trial by jury on all issues.

**Wherefore**, the Defendant, Chief Joseph Finn, demands judgment in his favor against the Plaintiff, Michael Hendricks dismissing Plaintiff's Complaint with prejudice and such further relief as the court may deem appropriate.

DEFENDANT, CHIEF JOSEPH FINN,
Merita A. Hopkins
Corporation Counsel
By his attorney:


___/s/ Kate Cook _____
Kate Cook   BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201   (617) 635-4022


**CERTIFICATE OF SERVICE**


I, Kate Cook, hereby certify that on October 31, 2005, I served The Defendant Chief Joseph Finn's Answer With Affirmative Defenses by mailing a copy, postage prepaid, to the following:

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148


October 31, 2005          /s/ Kate Cook
Date                      Kate Cook

6