**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05- CV-10457-EFH**

MICHAEL HENDRICKS, JR.
      Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
      Defendants.

**Defendant, City of Boston's Motion to Compel the Production
of Documents from the Plaintiff Michael Hendricks**

    Now comes the Defendant, City of Boston pursuant to
Fed.R.Civ. P. 37(a) and moves this Honorable Court to issue
an Order compelling the Plaintiff, Michael Hendricks Jr. to
produce, within fourteen (14) days, the documents requested
by the Defendant, City of Boston in its Requests for
Production of Documents to the Plaintiff.  (*See* Proposed
Order attached hereto as Exhibit A).  As grounds therefore,
the Defendant, City of Boston states as follows:

1.    The Plaintiff, Michael Hendricks, "is a black male who
      has a mental disability known to the defendants."
      (Pl's Complaint, ¶ 1).  Plaintiff's alleged disability
      is paranoid schizophrenia.

2.    Plaintiff filed an employment discrimination suit
      against the Defendants, City of Boston[1] and Chief Finn
      alleging race and disability discrimination pursuant

---

[1] Plaintiff also sues Boston Fire Department; however, The Boston Fire
Department is not a suable entity.  It is not an independent legal
entity but a department of the City of Boston.  See Stratton v. City of
Boston, 731 F.Supp. 42, 46 (D. Mass. 1989).  Therefore, it is not a
proper party defendant to this lawsuit.

to M.G.L. ch. 151(b) and the Americans With
Disabilities Act.

3.    On October 24, 2005, the Defendant, City of Boston
      requested the Production of Documents of certain
      relevant documents from the Plaintiff, Michael
      Hendricks(*See* Requests for Production of Documents,
      Exhibit B).

4.    The Plaintiff, Michael Hendricks, failed to serve a
      proper response to Request Numbers 4, 6, 7 and 8
      within thirty (30) days or such other time as the
      Court may have specified or the parties may have
      stipulated pursuant to Fed.R.Civ.P. 29.  (See
      Plaintiff's Response to Document Production from
      Defendant Exhibit C).

5.    All documents requested by the Defendant, City of
      Boston are relevant to liability and damages and are
      within the scope of permissible discovery.  The
      Defendant, City of Boston will be significantly
      prejudiced unless the requested documents are
      provided.

6.    Specifically, Plaintiff objects to providing responses
      to Request Numbers 4 and 6 which seek medical records
      regarding Plaintiff's alleged disability and his
      diagnosis, his treatment and current health status.
      Plaintiff objects on the grounds that "Plaintiff's
      physician has stated that the release of such
      information would be detrimental to the Plaintiff's
      health.  Said physician has refused to release said
      medical records."  (Exhibit C, Response No. 4).

7.    As this court is aware, the Defendants filed a motion
      to dismiss Plaintiff's complaint on March 16, 2005, on
      the grounds that the Plaintiff failed to timely file a
      complaint with the MCAD, and the EEOC, and therefore
      his allegations of discrimination on the basis of his
      race and disability are time-barred under state and
      federal law.[2]

---

[2] Plaintiff, a former Boston Fire Department employee, resigned on March
24, 2000, and on April 19, 2002 Plaintiff sought reinstatement.
Defendants declined to rehire Plaintiff on May 10, 2002.  Plaintiff
filed his race and disability discrimination charges with the
Massachusetts Commission Against Discrimination (MCAD) and the Equal
Employment Opportunity Commission (EEOC) on May 14, 2004.

8.  In opposition to the Defendants' motion to dismiss,
    Plaintiff contended that notwithstanding the explicit
    denial to rehire him on May 10, 2002, and his failure
    to file discrimination charges within six months of
    this alleged discrimination, his complaint should be
    allowed on a theory of promissory estoppel, that his
    resignation was given at a time when he was delusional
    (due to his disability), and that he was healthy and
    fit to work as a first responder.

9.  Thus, at every stage of litigation thus far, Plaintiff
    has relied on his mental illness as (1) grounds for
    his discrimination claim; (2) evidence that he did not
    resign; (3) evidence that he completed the necessary
    steps to be considered as a candidate to rehire; (4)
    evidence that he could, notwithstanding his
    disability, work as a Fire Fighter.  Request Numbers 4
    and 6, therefore, seek highly relevant and important
    information central to this case.

10. Further, Plaintiff failed to respond to Request Number
    7 in its entirety, and his response to Request Number
    8 is non-responsive.


    Wherefore, the Defendant, City of Boston requests this
Honorable Court issue an order requiring the Plaintiff,
Michael Hendricks to provide the requested documents within
fourteen (14) days from the date of the Court's Order.

                         Respectfully submitted,
                         DEFENDANT, CITY OF BOSTON
                         By its attorney:
                         Merita A. Hopkins
                         Corporation Counsel

                         __/s/ Kate Cook_____
                         Kate Cook BBO# 650698
                         Assistant Corporation Counsel
                         City Hall, Room 615
                         Boston, MA 02201

**CERTIFICATE OF SERVICE**

I, Kate Cook, hereby certify that on March 3, 2006, I served The Defendant, City of Boston's Motion to Compel on Plaintiff's Counsel, by mailing a copy, postage prepaid, to the following:

                         Dana Johnson, Esq.
                         P.O. Box 133
                         Malden, MA 02148


        March 3, 2006         /s/ Kate Cook
        Date                      Kate Cook

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-CV-10457-EFH**

MICHAEL HENDRICKS, JR.
        Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
        Defendants.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

        I hereby certify that undersigned counsel for the Defendant, City of Boston, attempted to discuss the above motion with Dana Johnson via telephone on March 2, 2006, both in a good faith effort to resolve the issues and to obtain the discovery requested without court action, but that counsel were unable to confer or to resolve the issues prior to filing of the motion.

                    DEFENDANT CITY OF BOSTON

                    Merita A. Hopkins
                    Corporation Counsel

                    By its attorney:

                    /s/ Kate Cook
                    Kate Cook    BBO# 650698
                    Assistant Corporation Counsel
                    City of Boston Law Department
                    Room 615, City Hall
                    Boston, MA 02201
                    (617) 635-4022

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05- CV-10457-EFH**

MICHAEL HENDRICKS, JR.
<u>Plaintiff</u>,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
<u>Defendants</u>.

<u>**ORDER COMPELLING DISCOVERY**</u>

This action came before this Court, upon the motion of Defendant, City of Boston to compel the production of documents from the Plaintiff, Michael Hendricks pursuant to Fed.R.Civ.P. 34 and 37(a). After consideration, the Plaintiff, Michael Hendricks is **ORDERED** to produce and permit the inspection and copying of each of the documents required by the Defendant, City of Boston as indicated in Defendant City of Boston's First Request For Production of Documents to the Plaintiff, Numbers 4, 6, 7 and 8, within _____ days of the date of this Order.

_____
Judge Edward F. Harrington

Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05- CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

## DEFENDANT CITY OF BOSTON'S  FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF, MICHAEL HENDRICKS, JR.

The Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Plaintiff produce the documents listed below for inspection and copying.

### DEFINITIONS

As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogs, pamphlets, periodicals, lists, brochures, reports, minutes, books or records accounts, schedules, tax returns, computer print-outs, tapes or memories, photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the Plaintiff.

"Incident" or "allegation" as used herein shall refer to the incidents referred to in the Plaintiff's Complaint.

### REQUESTS

### Request No. 1

All documents created, maintained or contributed to by the Plaintiff regarding in any way, directly or indirectly, the

events, circumstances, occurrences, or conversations which in
any way indicated to the Plaintiff that he was being
discriminated against by the Boston Fire Department, its
employees or agents.

## Request No. 2

All correspondence and other documents referring or relating to
any communication that the Plaintiff had with the Defendant, its
employees or agents, including Chief Joseph Finn, regarding
alleged promises to reinstate the Plaintiff to a position within
the Boston Fire Department.

## Request No. 3

All correspondence and other documents referring or relating to
any communication that the Plaintiff was provided by  the
Defendant, its employees or agents, including Chief Joseph Finn,
regarding or relating to information on actions the Plaintiff
needed to take to in order to return to his position with the
Boston Fire Department.

## Request No. 4

All medical records and reports, including without limitation,
initial intake sheets, doctors', nurses' and other medical
records and reports regarding Plaintiff's alleged disability as
alleged in Plaintiff's complaint.

## Request No. 5

All medical records and reports, including doctors', nurses' and
other records and reports, regarding injuries, illnesses or
operations which the Plaintiff had within the past five years
(from the date of these requests).

## Request No. 6

All medical records and reports, including doctors', nurses',
and other records and reports regarding any mental illness the
Plaintiff has been diagnosed with, including documents relating
or referring to programs the Plaintiff completed in order to
treat such illness, Plaintiff's medical diagnosis, initial
treatment following such diagnosis and current health status,
including any medications currently prescribed to the Plaintiff
to treat such mental illness.

**Request No. 7**

All correspondence and other documents referring or relating to Plaintiff's lumbar sprain described in Paragraph 7 of the Plaintiff's complaint.

**Request No. 8**

All medical records, personal records, correspondence and other documents referring or relating to Plaintiff's substance abuse violation of the Boston Fire Department Rules and Regulations.

**Request No. 9**

All medical records, personal records, correspondence and other documents referring or relating to Plaintiff's attempts to be rehired by the Boston Fire Department following his dismissal.

**Request No. 10**

All correspondence and other documents referring or relating to the allegations contained in Paragraph 13 of the Plaintiff's complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by (mail)/by hand.

10/24/05      Kate Cook
Date                        Kate Cook

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney

Kate Cook    BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201   (617) 635-4022

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 05-CV-10457 EFH

MICHAEL HENDRICKS, JR.

V.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, AND
CITY OF BOSTON

### PLAINTIFF'S RESPONSE TO DOCUMENT PRODUCTION FROM DEFENDANT, BOSTON FIRE DEPARTMENT

## PRODUCTION OF DOCUMENTS

1. All documents created, maintained or contributed to by the plaintiff regarding in any way, directly or indirectly, the events, circumstances, or conversations which in any way indicated to the plaintiff that he was being discriminated against by the Boston Fire Department, its employees or its agents.
   See Exhibit A

2. All correspondence and other documents referring or relating to any communications that the Plaintiff had with the Defendant, its employees or agents, including Chief Joseph Finn, regarding alleged promises to reinstate the plaintiff to a positions with the Boston Fire Department.
   See Exhibit A

3. All correspondence and other documents referring or relating to any communication that the Plaintiff was provided by the Defendant, its employees or agents, including Chief Joseph Finn, regarding or relating to information on actions the Plaintiff needed to take in order to return to his position with the Boston Fire Department.
   See Exhibit A and B

4. All medical records and reports, including without limitation, initial intake sheets, doctors, nurses and other medical records and reports regarding the Plaintiff's alleged disability as alleged in Plaintiff's complaint.
   Objection. On the advice of counsel, Plaintiff objects to the production of documents which are irrelevant to the subject matter of this litigation and which are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because such request for documents is unduly broad and burdensome. Plaintiff further objects as Plaintiff's physician has stated that the release of such information would be detrimental to

the Plaintiff's health. Said physician has refused to release said records. See Exhibit C.

5. All medical records and reports, including doctors', nurses; and other medical records and reports regarding injuries, illnesses or operations which the plaintiff had within the past five years (from the date of these requests).

> Objection. On the advice of counsel, Plaintiff objects to the production of documents which are irrelevant to the subject matter of this litigation and which are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because such request for documents is unduly broad and burdensome.

6. All medical records and reports, including doctors', nurses; and other medical records and reports regarding any mental illness the Plaintiff has been diagnosed with, including documents referring or relating to programs the Plaintiff completed in order to treat such illness, Plaintiff's medical diagnosis, initial treatment following such diagnosis and current health status, including any medications currently prescribed to the plaintiff to treat such mental illness.

> Objection. On the advice of counsel, Plaintiff objects to the production of documents which are irrelevant to the subject matter of this litigation and which are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because such request for documents is unduly broad and burdensome. Plaintiff further objects as Plaintiff's physician has stated that the release of such information would be detrimental to the Plaintiff's health. Said physician has refused to release said records. See Exhibit C.

7. All correspondence and other documents referring or relating to Plaintiff's lumbar sprain described in Paragraph 7 of the Plaintiff's complaint.

8. All medical records, personnel records, correspondence and other documents referring or relating to Plaintiff's substance abuse violation of the Boston Fire Department Rules and Regulations.

> Objection. Plaintiff has no substance abuse problem, has never been diagnosed with a substance abuse problem. He admits that he participated in an EAP substance abuse program upon he recommendation of Chief Finn. For said records, see Exhibit D.

9. All medical records, personnel records, correspondence and other documents referring or relating to Plaintiff's attempts to be rehired by the Boston Fire Department following his dismissal.

> Objection – attorney client privilege. In spite of said objection, see Exhibit E.

10. All correspondence and other documents referring or relating to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.
> See Exhibits A – E.

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

MCAD
Docket :04BEM01510

Michael Hendricks, Jr.

v.

Boston Fire Department, Chief Joseph Finn

### AFFIDAVIT OF ATTORNEY PAUL HAJJAR

Now comes Paul Hajjar, Esquire, in the above-entitled matter, and under oath and under the pains and penalties of perjury says as follows:

I am over the age of 18.

The facts stated herein are based on my own knowledge.

I was the attorney of record for Michael Hendricks for all following actions:

Michael Hendricks requested that I represent him in his efforts to return to work at the Boston Fire Department (BFD) on or about March 3, 2003. I agreed to do so.

In my representation of Mr. Hendricks, I contacted the Boston Fire Department, and usually either spoke with or left messages for, Deputy Chief Joseph Finn (Finn). My first conversations with Finn took place on or about March 21 and March 25 of 2003 and consisted of Finn stating the in order for BFD to rehire Hendricks, Hendricks needed to do the following: Enter the EAP and be re-evaluated by the department doctor and William Ostigoy regarding pending substance abuse action.

I so informed Hendricks and arranged for Hendricks to do all the above.

I followed-up with Finn and BFD. Finn was always encouraging, stating that Hendricks would be reemployed under the following circumstances: outcome of pending consent decree action and budget availability; and/or a letter if enrollment in EAP and clearance letter from Dr. Querques.

On July 22, 2003, after months of effort, I contacted Commissioner Paul Christian regarding rehiring Hendricks. I never received a reply.

I continued in my efforts with BFD and Finn. Finn remained encouraging, stating that Hendricks would be reemployed when there was money in the budget to reinstate him.

I eventually arranged a personal meeting with Finn, Hendricks and myself. In that

meeting, Finn stated that he tried to have Mr. Hendricks reinstated/rehired but was told by Mr. Christian that he could not due to the requirements of the consent decree, and that Mr. Hendricks should re-enter the AP and be seen by the department doctor, but it would have to be at his expense.

Around March 31, 2004, when Hendricks and I learned that several new classes had been arranged, and Hendricks had not been informed, I realized that BFD had no intention of rehiring Hendricks.

Until this time, I believed that BFD had fully intended to rehire Hendricks, and can testify that the actions of Finn and BFD, would entice the average individual to believe that FD intended to rehire Hendricks.

--------------------------------------
Paul Hajjar, Esq.

JOHN QUERQUES, M.D.
25 STANIFORD STREET
BOSTON, MASSACHUSETTS 02114
(617) 626-8533


June 12, 2003


Re Michael L. Hendricks Jr.

Dear Mr. Hajjar:

    I was Michael's attending psychiatrist during the majority of his first
hospitalization at the Erich Lindemann Mental Health Center (ELMHC) from 25 May
2000 to 29 September 2000 and for the entirety of his second admission to the ELMHC
from 17 December 2001 to 13 August 2002. In both instances, his condition
(schizophrenia, paranoid type, episodic with no interepisode residual symptoms)
responded beautifully to antipsychotic medication and (as the diagnosis indicates) he
returned to his usual normal baseline.

    Since 16 August 2002, I have seen Michael as an outpatient in my private
practice. Unfortunately, he suffered another episode in the early part of this year, but, as
previously, he returned to his baseline, at which he is a pleasant, engaging, respectful
young man with hopes, dreams, and ambitions from which his illness will not, and need
not, deter him. He sees me weekly, is compliant with his medication (Abilify), and has
refrained from use of alcohol and other drugs of abuse.

    With proper monitoring (e.g., the weekly visits that he has with me), continued
medication compliance, continued abstinence from drug use, and continued family
involvement, there is no psychiatric contraindication to Michael's working as a
firefighter. In fact, I have encouraged him in his efforts to be reinstated to his post.

    Please be assured of my continued availability to you in your efforts to help
Michael.


                    Very truly yours,

                    John Querques, M.D.

JOHN QUERQUES, M.D.
25 Staniford Street
Boston, Massachusetts 02114
(617) 626-8533
Fax (617) 626-8669

February 24, 2003

Paul A. Christian
115 South Hampton Street
Boston, MA 02118

Dear Commissioner Christian:

I am writing this letter on behalf Michael L. Hendricks Jr. I have known Mike since July 2000, when he was an inpatient at the Erich Lindemann Mental Health Center. I am now seeing him privately as his psychiatrist. In that time, I have seen him acutely ill as well as completely back to his usual and normal self. He is an intelligent and affable man who very much wants to resume his work as a Boston firefighter. He resigned his position in 2000 amid delusional beliefs that members of the Boston Fire Department were conspiring against him.

In my opinion, Mike suffers from paranoid schizophrenia. However, I do not believe that this precludes his being reinstated as a firefighter. When Michael takes his medications (which he is currently doing), he is perfectly fine. I believe that as long as someone monitors him, his mental state, and his compliance with medication, he can perform his duties as a Boston firefighter. This monitor could be me or someone else of the Fire Department's choosing.

If there is any other information that would help you in considering Michael's reinstatement, please don't hesitate to contact me.

Very truly yours,

John Querques, M.D.

Exhibit B



**FILE COPY**

## PAUL S. HAJJAR, P.C.
### Attorney At Law

July 22, 2003

Paul Christian
Commissioner
115 Southampton Street
Boston, MA. 02119

Via certified Mail
#7002 0510 0001 5601 3847

Re: Reinstatement of Michael Hendricks

Dear Commissioner Christian:

    This letter will serve as a formal request for reinstatement of my client Michael L. Hendricks under M.G.L. ch.31&31a sec.39and 46 as an active member of the Boston Fire Department in the position of Fire Fighter.

    A history of the circumstances surrounding Mr. Hendricks departure and the reasons for requesting his reinstatement are as follows:

    As you may already be aware, Mr. Hendricks was employed by the Boston Fire Department as a Fire Fighter, assigned to Engine Company 29, group 4, from December 1, 1998 until his resignation on March 24th, 2002. A review of his personal file indicates that he successfully completed his probationary period as a fir fighter on probation prior to the aforementioned assignment.

    The Boston Fire Department's, Training and Research Division's Confidential Report of fire fighter on Probation, evaluation indicates that Mr. Hendricks' performance as a Probationer, often exceeded category department requirements and at a minimum always meets requirements. In fact, the probation reports of May 31, 1998, June30 1998, July 31, 1998 and August 31, 1998 indicate that, "FFOP Hendricks has a good work attitude and developing satisfactory"... "FFOP is progressing well"..."FF Hendricks is steadily improving and refining his work on a daily basis, his progression will serve him and his company well."

    On or aout March 6, 2000, Mr. Hendricks received a diagnosis of Bipolar disorder, from Boston Fire Department's Medical Director Michael G. Hamrock, M.D. as well as Burt Johnson, M.D.

    His prognosis was uncertain as further evaluation was needed. A treatment plan of medication and Supportive Psychotherapy was recommended. Mr Hendricks was classified as " currently unable to return to work for medical reasons. " this diagnosis of Paranoid Schizophrenia was confirmed independently of your department, by Mr. Hendrick's personal Physician , John Quenges, M.D.; who is currently treating him at the Erich Lindemenn Health Center. (See letter of Dr. Quenges of 2-24-03, 3-28-00 and 6-12-03.) Mr. Hendricks also reported to Dr. Hamrock that he may need help with substance abuse issues and requested to be placed into the E.A.P. Program. (See Dr. Hamrock's notes dated 2-29-00.) Mr Hendricks was advised on or about February 2, 2000 by Dr. Hamrock to report to his chief Mr. Peter Liazzi and his captain Mr. Albert

Giennetti, that he has an issue with substance abuse. This issue was brought to the attention of the Boston Fire Department by Mr. Hendricks as a voluntary decision on his part. It was never alleged or found that this admission of using a Class "D" substance was during work hours, or while performing any work related duties. Mr Hendricks reported this to his superiors and the department's response to his request was to schedule a disciplinary hearing. Said hearing was scheduled for April 10, 2000.

However, Mr. Hendricks tendered his resignation on March 24, 2000, under the belief that his co-workers where conspiring against him, and said resignation was accepted by the Boston Fire Department's Director of Personnel. While Mr. Hendricks was on injury leave for three days as a result of back problems, his status changed to sick leave as the result of behavior problems on February 28, 2000. This was done after telling Dr. Hamrock about his problems with a Class "D" substance Mr. Hendricks was then put on leave without pay. (See Dr. Hamrock's notes of 2-29-00 and 3-3-00 and 3-8-00)

Under Sec 4(a) of the Boston Fire Department's Rules and Regulations, Mr. Hendricks should have been allowed into a Rehabilitation/ Substance Abuse Program, as well as the E.A.P. Program, instead of being placed on sick leave with loss of pay. Mr. Hendricks made a request to be placed into the E.P.A. Program. However, this request was missing from his personal file. After Mr. Hendricks reported this request to Captain Giennetti, Mike was told by his Captain that he could seek help, but would consequently be put up on disciplinary charges, which were scheduled to be heard on 4-10-00.

It is the Boston Fire Department's policy "...to assist in the rehabilitation of employees rather than to terminate the employment of permanent members who are abusing drugs and alcohol. No permanent member of the Boston Fire Department will be discharged for problems caused by the use of illegal drugs or the abuse of alcohol without first having been offered the opportunity to discontinue use by treatment and enrollment in the Department Employee Assistance Program." (Introduction Sect I)

Under M.G.L ch 151B sec 4 (16) "For any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire, or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person who would impose an undue hardship to the employer's business. For purposes of this subsection, the word employer shall include an agency which employs individuals directly for the purpose of furnishing part-time or temporary help to others.

To his credit, on his own initiative, Mr. Hendricks sought the help and assistance of the Boston Fire Department's E.P.A. (Employee Assistance Program), in an effort to resolve the issue. Further, Mr. Hendricks is currently enrolled in the E.P.A., while not required to be under department guidelines and as a non-active member of the Boston Fire Department in an effort to improve his quality of life and to increase the potential for his reinstatement to your department as an active firefighter. It is also documented that he is enrolled in the E.P.A by letter of William Ostiguy (See letter dated 4-17-03), and that he has been substance free since May of 2000. (See letter of Dr. Quenges dated 4-1-03)

In support of Mr. Hendrick's reinstatement, please find enclosed the following letters of recommendation:
1.) Letter from Dr. John Quenges stating "Mike suffers from Paranoid Schizophrenia. However, I do not believe that this precludes his being reinstated as a firefighter... When Michael takes his medication (which he is currently doing), he is perfectly fine...". Dr.

Quenges also states that he is willing to monitor Mike's compliance with medication and he is willing to work with the Fire Department's Medical Staff to insure his compliance with his medications.(See letters dated 2-24-03 and 3-8-03)

2.) Letter of Volcans- Dated 5-5-03 "We strongly support Michael's return to active duty... A chance, similar to what has been afforded to other members in the department with similar requests. We further feel that his return to the ranks of the Boston Fire Department, he will be an asset to any company that he is assigned if given the opportunity."

3.) Letter of Reverent Larry Green M. Ed. Pastor- Dated 2-26-03 "Michael comes from a strong supportive Christian family... Michael, a dedicated, responsible and innovative professional, will be an asset to the Boston Fire Department... I recommend his reinstatement to the Boston Fire Department without any reservation."

Commissioner Christian, I thank you in advance for your time and consideration to Mr. Hendricks request for reinstatement to the Boston Fire Department, and I anxiously await your response. Please feel free to contact me if you have any questions or you wish to discuss this matter further before making your decision on the reinstatement of Mr. Hendricks as an active member of the Boston Fire Department.

Sincerely.

Paul Hajjar Esq

db/PSH
inclosures

**JOHN QUERQUES, M.D.**
25 Stanlford Street
Boston, Massachusetts 02114
(617) 626-8533
Fax (617) 626-8669

February 24, 2003

Paul A. Christian
115 South Hampton Street
Boston, MA 02118

Dear Commissioner Christian:

I am writing this letter on behalf Michael L. Hendricks Jr. I have known Mike since July 2000, when he was an inpatient at the Erich Lindemann Mental Health Center. I am now seeing him privately as his psychiatrist. In that time, I have seen him acutely ill as well as completely back to his usual and normal self. He is an intelligent and affable man who very much wants to resume his work as a Boston firefighter. He resigned his position in 2000 amid delusional beliefs that members of the Boston Fire Department were conspiring against him.

In my opinion, Mike suffers from paranoid schizophrenia. However, I do not believe that this precludes his being reinstated as a firefighter. When Michael takes his medications (which he is currently doing), he is perfectly fine. I believe that as long as someone monitors him, his mental state, and his compliance with medication, he can perform his duties as a Boston firefighter. This monitor could be me or someone else of the Fire Department's choosing.

If there is any other information that would help you in considering Michael's reinstatement, please don't hesitate to contact me.

Very truly yours,

John Querques, M.D.

Exhibit C

### JOHN QUERQUES, M.D.
### 25 STANIFORD STREET
### BOSTON, MASSACHUSETTS 02114
### (617) 626-8533

June 12, 2003

Re Michael L. Hendricks Jr.

Dear Mr. Hajjar:

I have reviewed notes of examinations made by the Boston Fire Department related to Michael's mental health on the following dates, all in 2000: 2/29, 3/2, 3/6, 3/9, 3/14, and 3/15.

On 2/29, the note writer (identified by Michael as Dr. Hamrock) records that Michael appeared "somewhat paranoid" about his psychiatrist at the Arbour Hospital and "overly concerned about his car registration being transferred to his new car without his knowing about it." This note also includes a differential diagnosis of "bipolar disorder versus schizoaffective disorder versus drug use."

On 3/2, after Michael "left without being seen," Dr. Hamrock called him on the phone. In addition, the doctor documents a long discussion with Michael's father. He writes: "I discussed with father my concern about a possible psychic illness bipolar disorder versus schizophrenia as well as drug use or medical condition."

On 3/6, Dr. Hamrock records: "I have discussed with Dr. Johnson [Michael's psychiatrist at Harvard Community Health Plan] about my concerns with Michael's health and recent behavior and will need full psych eval and possible meds for ? diagnosis bipolar disorder versus schizoaffective versus substance abuse."

In all but one of these six notes, Dr. Hamrock documents that Michael will call if an acute problem arises.

In my opinion, these notes demonstrate that Dr. Hamrock, at the very least, entertained the possibility that Michael was suffering from a mental illness at the time, and was quite concerned about Michael's health and safety.

If you require a more detailed opinion of these notes, or anything else in your efforts to helps Michael, please let me know.

Very truly yours,

John Querques, M.D.

JOHN QUERQUES, M.D.
55 FRUIT STREET
WARREN 605
BOSTON, MASSACHUSETTS 02114

(617) 724-1521
FAX (617) 726-5946
JQUERQUES@PARTNERS.ORG

December 5, 2005

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148

Re Michael Hendricks Jr.

Dear Ms. Johnson:

      I received a phone message from my patient, Michael Hendricks Jr., indicating that you would like from me a copy of his medical record. In this message, he did not indicate his consent for this release.

      I spoke to you by phone on 11/30/05 and told you that I would not release his record to you, despite your assurance that only you would see it. As I explained to you on the phone, once his record leaves my hands, neither Michael nor I have any guarantee of its security or privacy. I told you that, in lieu of producing the record, I would prepare a report and asked that you send me a copy of the request for the record you received from the Boston Fire Department (BFD).

      I subsequently received by fax on 11/30/05 a copy of "Defendant City of Boston's First Request for Production of Documents to the Plaintiff, Michael Hendricks, Jr." and "Defendant City of Boston's First Set of Interrogatories to the Plaintiff, Michael Hendricks, Jr.," both served on you on 10/24/05.

      I left a phone message for Michael on 11/30/05 indicating (a) I would not release his record to you; (b) I would instead prepare a report; (c) I would let him know before submitting this report; and (d) he should not permit me to release his record.

      I spoke to Michael by phone on 12/1/05, and he agreed with me that he should not permit me to release his record. I told him I wanted him to come in so that we could review my report. He was scheduled to come in on 12/2/05, but he came late. I left him a copy of the report, which he told me he read. Today he left me a phone message saying that it was OK with him for me to send in the report.

      Enclosed is my report, intended to be responsive to the BFD's two discovery requests.

Very truly yours,

John Querques, M.D.

Enclosures:

Report Prepared for Dana Johnson, Esq., re Michael Hendricks Jr.
Letter dated 2/24/03 from me to Fire Commissioner Paul Christian
Two (2) letters dated 6/12/03 from me to Paul Hajjar, Esq.

Copy with all enclosures:

Michael Hendricks Jr.

**JOHN QUERQUES, M.D.**
**25 Staniford Street**
**Boston, Massachusetts 02114**
**(617) 626-8533**
**Fax (617) 626-8669**

February 24, 2003

Paul A. Christian
115 South Hampton Street
Boston, MA 02118

Dear Commissioner Christian:

I am writing this letter on behalf Michael L. Hendricks Jr. I have known Mike since July 2000, when he was an inpatient at the Erich Lindemann Mental Health Center. I am now seeing him privately as his psychiatrist. In that time, I have seen him acutely ill as well as completely back to his usual and normal self. He is an intelligent and affable man who very much wants to resume his work as a Boston firefighter. He resigned his position in 2000 amid delusional beliefs that members of the Boston Fire Department were conspiring against him.

In my opinion, Mike suffers from paranoid schizophrenia. However, I do not believe that this precludes his being reinstated as a firefighter. When Michael takes his medications (which he is currently doing), he is perfectly fine. I believe that as long as someone monitors him, his mental state, and his compliance with medication, he can perform his duties as a Boston firefighter. This monitor could be me or someone else of the Fire Department's choosing.

If there is any other information that would help you in considering Michael's reinstatement, please don't hesitate to contact me.

Very truly yours,

John Querques, M.D.

Exhibit D




# Boston Fire Department
## Boston Fire Fighters Local No. 718
### *Employee Assistance Program*

Long Island Health Campus
P. O. Box 158
Dorchester, MA 02122-0001

(617) 343-3784
(617) 343-2880 (24 hours)
(617) 773-5529

To Whom It May Concern:                                    April 17,2,003

This is to inform you that Michael Hendricks is presently particapating in the Boston Fire
Department  Local 718 Employee assistance program.

Fraternally

*William Ostiguy*

Lt. William J. Ostiguy
EAP Coordinator

**JOHN QUERQUES, M.D.**
25 Staniford Street
Boston, Massachusetts 02114
(617) 626-8533
Fax (617) 626-8669

April 1, 2003

Paul A. Christian
115 South Hampton Street
Boston, MA 02118

Dear Commissioner Christian:

I am writing this letter on behalf Michael L. Hendricks Jr. I have known Michael since July 2000, when he was an inpatient at the Erich Lindemann Mental Health Center (ELMHC). I am now seeing him privately as his psychiatrist.

To my knowledge, Michael has not used any illicit substance since his first admission to the ELMHC on May 25, 2000.

If there is any other information that would help you in considering Michael's reinstatement, please don't hesitate to contact me.

Very truly yours,

John Querques, M.D.

Exhibit E

Michael L. Hendricks, Jr.
40 Fowler St.
Dorchester, Ma. 02121

February 26, 2003

Boston Fire Department
Commissioner Paul A. Christian
115 Southampton St.
Boston, Ma. 02118

Dear Sir,

    I, Michael L. Hendricks, Jr., am writing this letter to request reinstatement to the Boston Fire Department. Approximately 3 years ago I resigned from a firefighter's position while I was suffering from an untreated mental illness. Since then, I have been in psychiatric treatment and respectfully request to be reinstated as a member of the Boston Fire Department.

    Enclosed are the documents as instructed by the personnel department to expedite this matter.

Sincerely,

Michael L. Hendricks, Jr.



# Boston Society of Vulcans of Mass., Inc.

P.O. Box 190269, Roxbury Massachusetts 02119-9998
TEL: 617-436-0019, Fax: 617-436-5599, E-Mail: BOSVULCANS@AOL.COM
Web Site: WWW.BostonVulcans.COM

EXECUTIVE BOARD

President
Karen L. Miller
1st Vice President
Jean Semexant
2nd Vice President
Lawrence Crosby Sr.
Treasurer
Oscar Francisco
Financial Secretary
Marc Porter
Secretary
Leroy James
Recording Secretary
Raymond Check
Sergeant of Arms
Robert Powell

Organization Affiliations

International Association of
Black Professional
Firefighters
Boston Chapter NAACP
Mass. Minority State Police
Officers' Association
Greater Boston Civil Rights
Coalition
Boston National Voices
Urban League of Eastern
Mass.
MassCOSH

Emeritus
Daniel Grant
Walter Porter 3rd.
Robert Powell

Honorary Member
John Wells

Chief Historian
Robert Powell

Paul Christian                                      May 5, 2003
Commissioner
115 Southampton St.
Boston MA. 02119

RE: Letter of Recommendation – Michael Hendricks

Commissioner Christian,

I am writing this letter of recommendation in support of Michael Hendricks who has
informed us of his wishes to return as an active member of the Boston Fire
Department.

As you are aware, Michael Hendricks resigned from the department approximately
three years ago due to personal issues. He has informed us that since his leaving the
department in order to resolve his personal issues, he now feels as we do, that he is
capable of returning back to the department in the position of firefighter.

We strongly support Michael's return to active duty. It is our position, that because
he has made great changes in his life, and can better care for his situation, he
deserves a second chance. A chance, similar to what has been afforded to other
members in the department with similar requests.

We further feel that with his return to the ranks of the Boston fire department he will
be an asset to any company that he is assigned, if given the opportunity. We have
offered some information as to the protocols and procedures required when
returning to active duty. It is our intention to follow his progress in an advisory
and support capacity.

Michael Hendricks had been a member in good standing with the Vulcan Society,
when he was an active member of the Boston Fire Department. We feel that he has
demonstrated and exhibited on numerous occasions the dedication, Esprit de corps,
enthusiasm, and professionalism which will again allow him to be a proud member
of this department

Sincerely,

Karen L. Miller
President, Vulcan Society

**Timothy Baptist Church**

35 Highland Street
Roxbury, MA 02119
Church Office (617) 445-3820

*Trust in the Lord with all thine heart and lean not unto thine own Understanding. In all thy ways acknowledge him and he will direct thy path.    Prov. 5:3-6*

February 26, 2003

Paul A. Christian, Commissioner
115 South Hampton Street
Boston, MA 02118

Dear Commissioner Christian:

I am writing this letter of recommendation for Mr. Michael L. Hendricks Jr., whom I have known literally all of his life. I am certain I join the ranks of many others when I say I whole-heartedly advocate for Michael to be reinstated as a Boston firefighter. As his former pastor, I have had numerous opportunities to observe him as he grew and developed into a fine young man. He has worked with many people of diverse backgrounds. His enthusiasm and love for his position as a firefighter is without question. I recognize and value the importance of dedicated individuals. Therefore, Michael - a dedicated, responsible and innovative professional, will be an asset to the Boston Fire Department. His rapport with his colleagues and his leadership abilities will make him a valuable addition to the Boston Fire Department. If Michael is reinstated as a firefighter, his proven ability to work independently, to manage multiple tasks and to prioritize will only serve to better the Boston Fire Department.

I know Michael resigned his position approximately three years ago due to his sickness (paranoid schizophrenia). Michael has had a long hard battle with his sickness. However, he has been triumphant. I am certain you will agree that this was no small task. He is currently under the care of a psychiatrist and taking medication. He comes from a strong, supportive, Christian family. It is my belief that with the support of Michael's family, his psychiatrist and his strong will he will continue taking his medication. As stated before, I recommend his reinstatement to the Boston Fire Department without any reservation.

Please contact me if I may be of further assistants to you. Feel free to contact me at the church or at either of the numbers listed below.

Agassiz Elementary School, (617) 635-8198
Home, (508) 586-0460

Sincerely,

*Rev. Larry Green, M. Ed., Pastor, (617) 445-0169 Fax: (617) 445-6110*

# JOHN QUERQUES, M.D.
## 25 STANIFORD STREET
### BOSTON, MASSACHUSETTS 02114
#### (617) 626-8533

June 12, 2003

Re Michael L. Hendricks Jr.

Dear Mr. Hajjar:

I was Michael's attending psychiatrist during the majority of his first hospitalization at the Erich Lindemann Mental Health Center (ELMHC) from 25 May 2000 to 29 September 2000 and for the entirety of his second admission to the ELMHC from 17 December 2001 to 13 August 2002. In both instances, his condition (schizophrenia, paranoid type, episodic with no interepisode residual symptoms) responded beautifully to antipsychotic medication and (as the diagnosis indicates) he returned to his usual normal baseline.

Since 16 August 2002, I have seen Michael as an outpatient in my private practice. Unfortunately, he suffered another episode in the early part of this year, but, as previously, he returned to his baseline, at which he is a pleasant, engaging, respectful young man with hopes, dreams, and ambitions from which his illness will not, and need not, deter him. He sees me weekly, is compliant with his medication (Abilify), and has refrained from use of alcohol and other drugs of abuse.

With proper monitoring (e.g., the weekly visits that he has with me), continued medication compliance, continued abstinence from drug use, and continued family involvement, there is no psychiatric contraindication to Michael's working as a firefighter. In fact, I have encouraged him in his efforts to be reinstated to his post.

Please be assured of my continued availability to you in your efforts to help Michael.

Very truly yours,

John Querques, M.D.

JOHN QUERQUES, M.D.
25 Staniford Street
Boston, Massachusetts 02114
(617) 626-8533
Fax (617) 626-8669


February 24, 2003


Paul A. Christian
115 South Hampton Street
Boston, MA 02118

Dear Commissioner Christian:

I am writing this letter on behalf Michael L. Hendricks Jr. I have known Mike since July 2000, when he was an inpatient at the Erich Lindemann Mental Health Center. I am now seeing him privately as his psychiatrist. In that time, I have seen him acutely ill as well as completely back to his usual and normal self. He is an intelligent and affable man who very much wants to resume his work as a Boston firefighter. He resigned his position in 2000 amid delusional beliefs that members of the Boston Fire Department were conspiring against him.

In my opinion, Mike suffers from paranoid schizophrenia. However, I do not believe that this precludes his being reinstated as a firefighter. When Michael takes his medications (which he is currently doing), he is perfectly fine. I believe that as long as someone monitors him, his mental state, and his compliance with medication, he can perform his duties as a Boston firefighter. This monitor could be me or someone else of the Fire Department's choosing.

If there is any other information that would help you in considering Michael's reinstatement, please don't hesitate to contact me.

Very truly yours,

John Querques, M.D.