UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 05-CV-10457 EFH

MICHAEL HENDRICKS, JR.

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, AND
CITY OF BOSTON

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL DOCUMENT PRODUCTION**

Now comes the Plaintiff in this matter and Opposes the Defendant's motion to Compel. In support thereof, the Plaintiff states the following:

1. The Plaintiff is a black male who has schizophrenia.

2. The Plaintiff filed a discrimination claim against the Defendants with MCAD after repeated effort to be reemployed by the Boston Fire Department failed. The efforts to become re-employed continued until 2004.

3. The Plaintiff received a Request for Production of Documents in October 2005.

4. With the exception of the complete medical records, the documents have been produced to the Defendants.

5. The City of Boston has yet to state a claim detailing how it will be prejudiced if the complete medical records are not produced. The City of Boston has sufficient medical records to determine the original diagnosis, the corrected diagnosis, the prior treatment, the length of time that the

Plaintiff was totally disabled, the current treatment, the residual of his illness, the impact his illness would have on his job. Should the City of Boston have specific questions, Dr. Querques would be willing to address and answer these specific question. Dr. Querques has expressed a legitimate concern over the production of the Plaintiff's detailed treatment notes (See Exhibit A). The relevant medical records are already in he hands of the Defendants. The Defendants have not been able to state how they can overcome Dr. Querques' legitimate concerns over the release of the records.

6. The Plaintiff, along with his physician, have determined an alternate way to provide the needed information to the Defendants without the release of the Plaintiff's complete medical file. The Defendants have not stated ay reason why this method is not sufficient for the Defendants' purposes.

7. The Defendants claim, in this motion, that they filed a Motion to Dismiss, which is irrelevant to the Motion to Compel.

8. The Plaintiff reiterates that his filing at MCAD is not time barred, as he filed after Chief Finn demonstrated that the Boston Fire Department had no intention of re-hiring the Plaintiff and that Chief Finn was "stringing" the Plaintiff along. The Defendants are not using all applicable dates available to the Plaintiff as the Plaintiff had five years to request a return to duty, after his resignation. The Defendants are using only his first request for a return to duty when determining the timeliness of the Plaintiff's filing,

and not his second request, nor the efforts made by the Plaintiff at the instigation of the Defendants.

9. The Defendant has failed to state why the detailed treatment notes are necessary. It has not stated what answers it is seeking or what it hopes to find, nor has it stated any reason why the alternative method of information production, a method which protects highly personal and (for this purpose) irrelevant information is insufficient.

Wherefore, the Plaintiff requests that the Court DENY the order requiring the Plaintiff to produce the requested records, and allow the Plaintiff's physician to respond to specific questions that are relevant to the proceedings.

The Plaintiff,
Michael Hendricks,
By his Attorney,

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO #639119

March 21, 2006

I certify that a true copy of the above document was served upon the attorney of record for each party by MAIL/HAND/FAX on 3/21/06

Dana B. Johnson, Esq.

**Exhibit A**

JOHN QUERQUES, M.D.
55 FRUIT STREET
WARREN 605
BOSTON, MASSACHUSETTS 02114

(617) 724-1521
FAX (617) 726-5946
JQUERQUES@PARTNERS.ORG

March 16, 2006

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
BY FAX 781-324-5653

Re Michael Hendricks Jr.

Dear Ms. Johnson:

You notified me today by phone I would be receiving a court order to produce Michael's medical record. As of today, I have not yet received it. You faxed me, and I received, a copy of "Defendant, City of Boston's Motion to Compel the Production of Documents from the Plaintiff Michael Hendricks."

I remain opposed to producing Michael's record. I will repeat what I wrote in my letter of 12/5/05. I do not have Michael's permission to release his record. Once his record leaves my hands, neither Michael nor I have any guarantee of its security or privacy. In lieu of producing the record, I prepared a report dated 12/2/05, which I sent you in December; includes all of the relevant information about his case, including his diagnosis, treatment, and ability to work as a firefighter; and was intended to be responsive to the defendant's two discovery requests.

Records have a way of finding their way into the wrong hands at the wrong times in the wrong places—even, I might add, records whose security and confidentiality have been assured by well-intentioned people, which I have no doubt the court and the defendants are. However, Michael's medical record contains highly personal information about him and his family. It is not meant for public consumption by the defendants, their counsel, the court, the court's staff, anyone who may be in the gallery when this matter is being heard in open court, etc. I consider this record—as all of my patients' records—nearly sacred; for me to allow others to have access to it, read it, make it part of a file that will be shelved and available for anyone walking by to pull out and read would be derelict and reckless on my part—not to mention completely precluded by virtue of my confidential and privileged doctor-patient relationship with Michael.

My intention is not to show contempt for the court. I understand the gravity of a court order and the penalties I face for not complying with it. It is, therefore, with considerable thought and deliberation that I have elected not to produce my patient's record. I hope that the court infers from this how strongly I believe that the confidentiality of Michael's record should be protected.

Very truly yours,

John Querques, M.D.