UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

**Defendants' Motion For Sanctions in the form of Dismissal With Prejudice For Failure to Comply with the Court's March 28, 2006 Order Compelling the Production of Documents from the Plaintiff Michael Hendricks**

    Now comes the Defendants, City of Boston, Boston Fire Department, and Chief Joseph Finn, pursuant to Fed.R.Civ. P. 37(b)(2) and move this Honorable Court to dismiss Plaintiff's Complaint with prejudice as to all Defendants. The Defendants move this court to sanction Plaintiff by dismissal for failure to comply with the Court's March 28, 2006, Order compelling the Plaintiff, Michael Hendricks Jr. to produce, within fourteen (14) days, the documents requested by the Defendant, City of Boston in its Requests for Production of Documents to the Plaintiff.

    Thirty-six days after this Court allowed Defendant's Motion to Compel and Ordered Plaintiff to produce the Requested Documents, the Plaintiff has not provided the discovery as ordered by the Court. Rule 37(b)(2)(C) endows this Court with the discretion to dismiss Plaintiff's Complaint as a sanction for failing to comply with a court

order.  As further grounds therefore, the Defendant, City of Boston states as follows:

1. On October 24, 2005, the Defendant, City of Boston requested the Production of Documents of certain relevant documents from the Plaintiff, Michael Hendricks.

2. The Plaintiff, Michael Hendricks, failed to serve a proper response to Request Numbers 4, 6, 7 and 8 within thirty (30) days or such other time as the Court may have specified or the parties may have stipulated pursuant to Fed.R.Civ.P. 29.

3. On March 3, 2006, the City of Boston filed a Motion to Compel, responses to request Numbers 4, 6, 7 and 8. (See attached Exhibit A, *City of Boston's Motion to Compel*).[1]

4. On March 28, 2006, this Court allowed the City's Motion to Compel and ordered the production of the requested documents within fourteen days from the Court's Order.

5. On April 11, 2006, the Defendants' counsel wrote Plaintiff's attorney a letter requesting compliance with the Court's Order as soon as possible and enclosed a copy of the Court's March 28, 2006, electronic order.  (See attached Exhibit B).

6. Fed.R.Civ.P. 37(b)(2) provides that a district court has the discretion to issue sanctions, including dismissal with prejudice, if a party fails to obey an order entered as is just.

7. As of this date, Plaintiff has not complied with the Court's March 28, 2006, Order.  "It is well settled

---

1. [1] Specifically, as noted in the Defendants' previous motion to compel, at every stage of litigation thus far, Plaintiff has relied on his mental illness as (1) grounds for his discrimination claim; (2) evidence that he did not resign; (3) evidence that he completed the necessary steps to be considered as a candidate to rehire; (4) evidence that he could, notwithstanding his disability, work as a Fire Fighter.  The requested discovery seeks highly relevant and important information central to this case.

     law that a party flouts a court order at his peril." <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389, 393 (1st Cir. 2005). Moreover, "the court need not exhaust less toxic sanctions before dismissing a case with prejudice." <u>Id.</u>

8. The Defendants move this court to sanction the Plaintiff by dismissing this action in its entirety with prejudice pursuant to Rule 37(b)(2)(C), which provides the court with the discretion to "dismiss the action or proceeding or any part thereof" for failure to comply with an order.

9. Plaintiff has had ample time to comply with the Court's order and to fulfill his discovery obligations, yet he has disregarded this Court's order. The Defendants remain hamstrung in their ability address Plaintiff's claims without the ordered discovery responses.

10. Recently the Court of Appeals upheld a district court's dismissal of a case for failure to comply with discovery deadlines pursuant to Fed.R.Civ.P. 37(b)(2)(C) (and for want of prosecution) in <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389 (1st Cir. 2005). It provided in pertinent part:

> To be sure, dismissal orders typically are measures of last resort, reserved for extreme cases. But we have held that a party's disregard of a court order is a paradigmatic example of extreme misconduct. Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example.

> 431 F.3d 389, at 393(internal citations omitted).

11. Plaintiff's complaint should be dismissed with prejudice for failure to comply with this Court's Order pursuant to Fed.R.Civ.P. 37(b)(2)(C).

12. Alternatively, Defendants move this court to sanction the Plaintiff for failure to comply with this Court's March 28, 2006, Order as it deems just pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (B).

Wherefore, the Defendants request this Honorable Court Sanction the Plaintiff, Michael Hendricks by dismissing his complaint in its entirety as to all three defendants, or in the alternative, in a manner the Court deems just, for failure to comply with the Court's March 28, 2006, Order.

Respectfully submitted,
DEFENDANTS, CITY OF BOSTON,
BOSTON FIRE DEPARTMENT, AND
CHIEF FINN

By their attorney:
William F. Sinnott
Corporation Counsel

__/s/ Kate Cook_____
Kate Cook BBO# 650698
Assistant Corporation Counsel
City Hall, Room 615
Boston, MA 02201

**CERTIFICATE OF SERVICE**

    I, Kate Cook, hereby certify that on May 4, 2006, I served The Defendants' Motion For Sanctions For Failure to Comply with the Court's March 28, 2006, Order on Plaintiff's Counsel, by mailing a copy, postage prepaid, to the following:

        Dana Johnson, Esq.
        P.O. Box 133
        Malden, MA 02148

| May 4, 2006 | /s/ Kate Cook |
|---|---|
| Date | Kate Cook |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

    I hereby certify that undersigned counsel for the Defendants, City of Boston, Boston Fire Department and Chief Joseph Finn, discussed the above motion with Dana Johnson via telephone on May 4, 2006, both in a good faith effort to resolve the issues and to obtain the discovery requested without court action, but that counsel were unable to resolve the issues prior to filing of the motion.

DEFENDANTS, CITY OF BOSTON, BOSTON FIRE
DEPARTMENT, CHIEF JOSEPH FINN

William F. Sinnott
Corporation Counsel

By their attorney:

/s/ Kate Cook
Kate Cook   BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05- CV-10457-EFH**

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

### Defendant, City of Boston's Motion to Compel the Production of Documents from the Plaintiff Michael Hendricks

Now comes the Defendant, City of Boston pursuant to Fed.R.Civ. P. 37(a) and moves this Honorable Court to issue an Order compelling the Plaintiff, Michael Hendricks Jr. to produce, within fourteen (14) days, the documents requested by the Defendant, City of Boston in its Requests for Production of Documents to the Plaintiff. (*See* Proposed Order attached hereto as Exhibit A). As grounds therefore, the Defendant, City of Boston states as follows:

1. The Plaintiff, Michael Hendricks, "is a black male who has a mental disability known to the defendants." (Pl's Complaint, ¶ 1). Plaintiff's alleged disability is paranoid schizophrenia.

2. Plaintiff filed an employment discrimination suit against the Defendants, City of Boston[1] and Chief Finn alleging race and disability discrimination pursuant

---

[1] Plaintiff also sues Boston Fire Department; however, The Boston Fire Department is not a suable entity. It is not an independent legal entity but a department of the City of Boston. See Stratton v. City of Boston, 731 F.Supp. 42, 46 (D. Mass. 1989). Therefore, it is not a proper party defendant to this lawsuit.

       to M.G.L. ch. 151(b) and the Americans With Disabilities Act.

3. On October 24, 2005, the Defendant, City of Boston requested the Production of Documents of certain relevant documents from the Plaintiff, Michael Hendricks(*See* Requests for Production of Documents, Exhibit B).

4. The Plaintiff, Michael Hendricks, failed to serve a proper response to Request Numbers 4, 6, 7 and 8 within thirty (30) days or such other time as the Court may have specified or the parties may have stipulated pursuant to Fed.R.Civ.P. 29. (See Plaintiff's Response to Document Production from Defendant Exhibit C).

5. All documents requested by the Defendant, City of Boston are relevant to liability and damages and are within the scope of permissible discovery. The Defendant, City of Boston will be significantly prejudiced unless the requested documents are provided.

6. Specifically, Plaintiff objects to providing responses to Request Numbers 4 and 6 which seek medical records regarding Plaintiff's alleged disability and his diagnosis, his treatment and current health status. Plaintiff objects on the grounds that "Plaintiff's physician has stated that the release of such information would be detrimental to the Plaintiff's health. Said physician has refused to release said medical records." (Exhibit C, Response No. 4).

7. As this court is aware, the Defendants filed a motion to dismiss Plaintiff's complaint on March 16, 2005, on the grounds that the Plaintiff failed to timely file a complaint with the MCAD, and the EEOC, and therefore his allegations of discrimination on the basis of his race and disability are time-barred under state and federal law.[2]

---

[2] Plaintiff, a former Boston Fire Department employee, resigned on March 24, 2000, and on April 19, 2002 Plaintiff sought reinstatement. Defendants declined to rehire Plaintiff on May 10, 2002. Plaintiff filed his race and disability discrimination charges with the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC) on May 14, 2004.

8. In opposition to the Defendants' motion to dismiss, Plaintiff contended that notwithstanding the explicit denial to rehire him on May 10, 2002, and his failure to file discrimination charges within six months of this alleged discrimination, his complaint should be allowed on a theory of promissory estoppel, that his resignation was given at a time when he was delusional (due to his disability), and that he was healthy and fit to work as a first responder.

9. Thus, at every stage of litigation thus far, Plaintiff has relied on his mental illness as (1) grounds for his discrimination claim; (2) evidence that he did not resign; (3) evidence that he completed the necessary steps to be considered as a candidate to rehire; (4) evidence that he could, notwithstanding his disability, work as a Fire Fighter.  Request Numbers 4 and 6, therefore, seek highly relevant and important information central to this case.

10. Further, Plaintiff failed to respond to Request Number 7 in its entirety, and his response to Request Number 8 is non-responsive.

Wherefore, the Defendant, City of Boston requests this Honorable Court issue an order requiring the Plaintiff, Michael Hendricks to provide the requested documents within fourteen (14) days from the date of the Court's Order.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
By its attorney:
Merita A. Hopkins
Corporation Counsel

__/s/ Kate Cook_____
Kate Cook BBO# 650698
Assistant Corporation Counsel
City Hall, Room 615
Boston, MA 02201

**CERTIFICATE OF SERVICE**

    I, Kate Cook, hereby certify that on March 3, 2006, I served The Defendant, City of Boston's Motion to Compel on Plaintiff's Counsel, by mailing a copy, postage prepaid, to the following:

        Dana Johnson, Esq.
        P.O. Box 133
        Malden, MA 02148

| March 3, 2006 | /s/ Kate Cook |
|---|---|
| Date | Kate Cook |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10457-EFH

| | |
|---|---|
| MICHAEL HENDRICKS, JR.<br>    Plaintiff,<br><br>v.<br><br>BOSTON FIRE DEPARTMENT,<br>CHIEF JOSEPH FINN, CITY<br>OF BOSTON,<br>    Defendants. | |

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

    I hereby certify that undersigned counsel for the Defendant, City of Boston, attempted to discuss the above motion with Dana Johnson via telephone on March 2, 2006, both in a good faith effort to resolve the issues and to obtain the discovery requested without court action, but that counsel were unable to confer or to resolve the issues prior to filing of the motion.

                                                  DEFENDANT CITY OF BOSTON

                                                Merita A. Hopkins
                                                Corporation Counsel

                                                By its attorney:

                                                /s/ Kate Cook
                                                Kate Cook   BBO# 650698
                                                Assistant Corporation Counsel
                                                City of Boston Law Department
                                                Room 615, City Hall
                                                Boston, MA 02201
                                                (617) 635-4022

Case 1:05-cv-10457-EFH    Document 20-2    Filed 05/04/2006    Page 6 of 6



# CITY OF BOSTON
# LAW DEPARTMENT

City Hall, Room 615
Boston, MA 02201

THOMAS M. MENINO
*Mayor*

WILLIAM F. SINNOTT
*Corporation Counsel*

April 11, 2006

Dana Johnson
Law Offices of Dana Johnson
P.O. Box 133
Malden, MA 02148

Re: *Hendricks v. Boston Fire Department et al.*
    U.S.D.C. Docket No. 05-10457-EFH

Dear Attorney Johnson:

Please find enclosed a copy of the docketed order dated March 28, 2006, in the above-captioned case granting the Defendants' Motion to Compel the Production of Documents from the Plaintiff. On March 28, 2006, the court granted the Defendants' Motion, which ordered Mr. Hendricks to produce within fourteen (14) days the documents requested by the Defendants, in response to Request Numbers 4, 6, 7, and 8. As of today, fourteen (14) days have elapsed since the Court issued its order. To this date I have not received the documents subject to the court's order. Please produce said responses to Request Numbers 4, 6, 7, and 8 as soon as possible.
Thank you for your attention to this matter.

Sincerely,

Kate Cook
Assistant Corporation Counsel
(617) 635-4022

Enclosure

TEL.: (617) 635-4034 FAX: (617) 635-3199



**Cook, Kate**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Tuesday, March 28, 2006 10:20 AM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-10457-EFH Hendricks v. Boston Fire Department et al "Order on Motion to Compel" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Holahan, Sandra entered on 3/28/2006 at 10:20 AM EST and filed on 3/28/2006

**Case Name:** Hendricks v. Boston Fire Department et al
**Case Number:** 1:05-cv-10457
**Filer:**
**Document Number:**

**Docket Text:**
Judge Edward F. Harrington : Electronic ORDER entered granting [18] Motion to Compel. MOTION ALLOWED. SO ORDERED. cc/cl (Holahan, Sandra)

The following document(s) are associated with this transaction:

**1:05-cv-10457 Notice will be electronically mailed to:**

Kathryn Rebecca Cook    kate.cook@cityofboston.gov

**1:05-cv-10457 Notice will not be electronically mailed to:**

Dana B. Johnson
P.O. Box 133
Malden, MA 02148

4/11/2006