**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-CV-10457-EFH**

MICHAEL HENDRICKS, JR.
    <u>Plaintiff</u>,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    <u>Defendants</u>.

### Defendants' Renewed Motion For Sanctions in the form of Dismissal With Prejudice For Failure to Comply with the Court's March 28, 2006 Order Compelling the Production of Documents from the Plaintiff Michael Hendricks or Alternatively Defendants' Motion to Extend the Scheduled Summary Judgment Deadline

    Now comes the Defendants, City of Boston, Boston Fire Department, and Chief Joseph Finn, pursuant to Fed.R.Civ. P. 37(b)(2) and renew their motion to dismiss Plaintiff's Complaint with prejudice as to all Defendants, or alternatively to extend the scheduled summary judgment deadline to 30 days after Plaintiff produces the relevant medical records. The Defendants renew their motion to sanction Plaintiff by dismissal for failure to comply with the Court's March 28, 2006, Order compelling the Plaintiff, Michael Hendricks Jr. to produce, within fourteen (14) days, the documents requested by the Defendant, City of Boston in its Requests for Production of Documents to the Plaintiff.

    Seventy-nine days after this Court allowed Defendant's Motion to Compel and Ordered Plaintiff to produce the Requested Documents, the Plaintiff has not provided the

discovery as ordered by the Court. Rule 37(b)(2)(C) endows this Court with the discretion to dismiss Plaintiff's Complaint as a sanction for failing to comply with a court order. On May 30, 2006, this court entered an order denying the Defendants' first motion for sanctions "at this time." Over two weeks have past since the court's order, yet Plaintiff has not complied with the Court's March 28, 2006, order to produce certain documents. The Defendants intend to file motions for summary judgment in this case; however, the deadline for filing summary judgment is June 30, 2006. The Defendants served Plaintiff with the request for Production of Documents on October 24, 2005. The Defendants are prejudiced by Plaintiff's failure to produce documents directly relevant to his alleged discrimination claim.

The Defendants move this court to dismiss Plaintiff's complaint for failure to comply with the Court's order, or alternatively the Defendants move this court to extend the summary judgment deadline to a date at least 30 days following the Plaintiff's production of the requested documents. During the parties' Rule 7.1 conference, Plaintiff's counsel assented to the Defendants' alternative motion to extend the summary judgment deadline to 30 days after the Plaintiff complies with the Court's order.

As further grounds therefore, the Defendant, City of Boston states as follows:

1. On October 24, 2005, the Defendant, City of Boston requested the Production of Documents of certain relevant documents from the Plaintiff, Michael Hendricks.

2. The Plaintiff, Michael Hendricks, failed to serve a proper response to Request Numbers 4, 6, 7 and 8

      within thirty (30) days or such other time as the Court may have specified or the parties may have stipulated pursuant to Fed.R.Civ.P. 29.

3. On March 3, 2006, the City of Boston filed a Motion to Compel, responses to request Numbers 4, 6, 7 and 8. (See attached Exhibit A, *City of Boston's Motion to Compel*).[1]

4. On March 28, 2006, this Court allowed the City's Motion to Compel and ordered the production of the requested documents within fourteen days from the Court's Order.

5. On April 11, 2006, the Defendants' counsel wrote Plaintiff's attorney a letter requesting compliance with the Court's Order as soon as possible and enclosed a copy of the Court's March 28, 2006, electronic order. (See attached Exhibit B).

6. Fed.R.Civ.P. 37(b)(2) provides that a district court has the discretion to issue sanctions, including dismissal with prejudice, if a party fails to obey an order entered as is just.

7. As of this date, Plaintiff has not complied with the Court's March 28, 2006, Order. "It is well settled law that a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). Moreover, "the court need not exhaust less toxic sanctions before dismissing a case with prejudice." Id.

8. The Defendants move this court to sanction the Plaintiff by dismissing this action in its entirety with prejudice pursuant to Rule 37(b)(2)(C), which provides the court with the discretion to "dismiss the

---

1. [1] Specifically, as noted in the Defendants' previous motion to compel, at every stage of litigation thus far, Plaintiff has relied on his mental illness as (1) grounds for his discrimination claim; (2) evidence that he did not resign; (3) evidence that he completed the necessary steps to be considered as a candidate to rehire; (4) evidence that he could, notwithstanding his disability, work as a Fire Fighter. The requested discovery seeks highly relevant and important information central to this case.

      action or proceeding or any part thereof" for failure to comply with an order.

9. Plaintiff has had ample time to comply with the Court's order and to fulfill his discovery obligations, yet he has disregarded this Court's order. The Defendants remain hamstrung in their ability address Plaintiff's claims without the ordered discovery responses.

10. Recently the Court of Appeals upheld a district court's dismissal of a case for failure to comply with discovery deadlines pursuant to Fed.R.Civ.P. 37(b)(2)(C) (and for want of prosecution) in <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389 (1st Cir. 2005). It provided in pertinent part:

    > To be sure, dismissal orders typically are measures of last resort, reserved for extreme cases. But we have held that a party's disregard of a court order is a paradigmatic example of extreme misconduct. Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example.

    431 F.3d 389, at 393(internal citations omitted).

11. Plaintiff's complaint should be dismissed with prejudice for failure to comply with this Court's Order pursuant to Fed.R.Civ.P. 37(b)(2)(C).

12. Alternatively, Defendants move this court to extend the summary judgment deadline, from June 30, 2006, to a date at least 30 days after the Plaintiff complies with the court order.

13. During the parties' Rule 7.1 conference the Plaintiff did not agree to the Defendants' Motion for Sanctions; however, Plaintiff's counsel assented to the Defendants' alternative motion to extend the summary judgment deadline to a date at least 30 days after the

Plaintiff complies with the Court's October 28, 2006, order.

Wherefore, the Defendants renew their request that this Honorable Court Sanction the Plaintiff, Michael Hendricks by dismissing his complaint in its entirety as to all three defendants, or in the alternative, extend the summary judgment deadline to at least 30 days after Plaintiff produces the outstanding documents.

Respectfully submitted,
DEFENDANTS, CITY OF BOSTON,
BOSTON FIRE DEPARTMENT, AND
CHIEF FINN

By their attorney:
William F. Sinnott
Corporation Counsel

__/s/ Kate Cook_____
Kate Cook BBO# 650698
Assistant Corporation Counsel
City Hall, Room 615
Boston, MA 02201

**CERTIFICATE OF SERVICE**

    I, Kate Cook, hereby certify that on June 15, 2006, I served The Defendants' Renewed Motion For Sanctions For Failure to Comply with the Court's March 28, 2006, Order on Plaintiff's Counsel, by mailing a copy, postage prepaid, to the following:

                          Dana Johnson, Esq.
                          P.O. Box 133
                          Malden, MA 02148

| June 15, 2006 | /s/ Kate Cook |
|---|---|
| Date | Kate Cook |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that undersigned counsel for the Defendants, City of Boston, Boston Fire Department and Chief Joseph Finn, discussed the above motion with Dana Johnson via telephone on June 15, 2006, both in a good faith effort to resolve the issues and to obtain the discovery requested without court action, but that counsel were unable to resolve the issues prior to filing of the motion with the exception that Plaintiff's counsel assented to the Defendant's alternative motion to extend the summary judgment deadline.

DEFENDANTS, CITY OF BOSTON, BOSTON FIRE
DEPARTMENT, CHIEF JOSEPH FINN

William F. Sinnott
Corporation Counsel

By their attorney:

/s/ Kate Cook
Kate Cook   BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022

Case 1:05-cv-10457-EFH    Document 23    Filed 06/15/2006    Page 8 of 8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05- CV-10457-EFH

MICHAEL HENDRICKS, JR.
    <u>Plaintiff</u>,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    <u>Defendants</u>.

## ORDER COMPELLING DISCOVERY

This action came before this Court, upon the motion of Defendant, City of Boston to compel the production of documents from the Plaintiff, Michael Hendricks pursuant to Fed.R.Civ.P. 34 and 37(a). After consideration, the Plaintiff, Michael Hendricks is **ORDERED** to produce and permit the inspection and copying of each of the documents required by the Defendant, City of Boston as indicated in Defendant City of Boston's First Request For Production of Documents to the Plaintiff, Numbers 4, 6, 7 and 8, within _____ days of the date of this Order.

                                        _____
                                        Judge Edward F. Harrington

Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05- CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

## DEFENDANT CITY OF BOSTON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF, MICHAEL HENDRICKS, JR.

The Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Plaintiff produce the documents listed below for inspection and copying.

### DEFINITIONS

As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogs, pamphlets, periodicals, lists, brochures, reports, minutes, books or records accounts, schedules, tax returns, computer print-outs, tapes or memories, photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the Plaintiff.

"Incident" or "allegation" as used herein shall refer to the incidents referred to in the Plaintiff's Complaint.

### REQUESTS

**Request No. 1**

All documents created, maintained or contributed to by the Plaintiff regarding in any way, directly or indirectly, the

events, circumstances, occurrences, or conversations which in any way indicated to the Plaintiff that he was being discriminated against by the Boston Fire Department, its employees or agents.

**Request No. 2**

All correspondence and other documents referring or relating to any communication that the Plaintiff had with the Defendant, its employees or agents, including Chief Joseph Finn, regarding alleged promises to reinstate the Plaintiff to a position within the Boston Fire Department.

**Request No. 3**

All correspondence and other documents referring or relating to any communication that the Plaintiff was provided by the Defendant, its employees or agents, including Chief Joseph Finn, regarding or relating to information on actions the Plaintiff needed to take to in order to return to his position with the Boston Fire Department.

**Request No. 4**

All medical records and reports, including without limitation, initial intake sheets, doctors', nurses' and other medical records and reports regarding Plaintiff's alleged disability as alleged in Plaintiff's complaint.

**Request No. 5**

All medical records and reports, including doctors', nurses' and other records and reports, regarding injuries, illnesses or operations which the Plaintiff had within the past five years (from the date of these requests).

**Request No. 6**

All medical records and reports, including doctors', nurses', and other records and reports regarding any mental illness the Plaintiff has been diagnosed with, including documents relating or referring to programs the Plaintiff completed in order to treat such illness, Plaintiff's medical diagnosis, initial treatment following such diagnosis and current health status, including any medications currently prescribed to the Plaintiff to treat such mental illness.

2

Request No. 7

All correspondence and other documents referring or relating to Plaintiff's lumbar sprain described in Paragraph 7 of the Plaintiff's complaint.

Request No. 8

All medical records, personal records, correspondence and other documents referring or relating to Plaintiff's substance abuse violation of the Boston Fire Department Rules and Regulations.

Request No. 9

All medical records, personal records, correspondence and other documents referring or relating to Plaintiff's attempts to be rehired by the Boston Fire Department following his dismissal.

Request No. 10

All correspondence and other documents referring or relating to the allegations contained in Paragraph 13 of the Plaintiff's complaint.

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by (mail)/by hand.

10/24/05    Kate Cook
Date        Kate Cook

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney,

Kate Cook   BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201   (617) 635-4022

3