UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER: 05-CV-10457 EFH

MICHAEL HENDRICKS, JR.

V.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, AND
CITY OF BOSTON

STATEMENT OF FACTS AND SUPPORTING EXHIBITS

Pursuant to L.R. 56.1 Plaintiff Michael Hendricks submits the following concise statement of material fact of record to which there is no genuine issue to be tried. Plaintiff states that this evidence supports his claim that the Boston Fire Department, through Deputy Chief Finn, as a department of the City of Boston, discriminated against him on the basis of his race and disability.

Plaintiff submits that those Statements of Fact submitted by the Defendants are accurate, with the exception of Statement 16, 23, 33,48. In addition to those facts submitted by Defendants, Plaintiff adds the following:

1. Although Plaintiff stated Defendant Exhibit 3 that he falsified his injury, Marc Capehart reported this injury, Plaintiff was seen by Dr. Hamrock and the Medical Evaluation done by St. Elizabeth's Hospital confirms the injury (Ex. 1).

2. At the time he wrote Defendant Ex 3, Plaintiff was suffering from a mental disorder, which was known by the Department's physician. (Ex. 2).

3. On March 3, 2000, Dr. Hamrock discussed Plaintiff's possible illness with Plaintiff's father. (Ex. 2).

4. Plaintiff has been hospitalized at least five times between the years 2000 and 2003, amore accurate assessment than that claimed by Defendant.(Ex. 3, pg 88).

5. Plaintiff has never been diagnosed with a substance abuse problem, and has attended the EAP substance abuse program. (Ex. 3, pg 117, 26).

6. Plaintiff suffered the loss of his job. (Ex.    ).

7. On January 5, 2000, Hendricks was moving a refrigerator at the Stationhouse with another Firefighter, Marc Capehart. During the process, the refrigerator fell upon him while the two were on the stairs. Capehart reported the fall to the immediate supervisor that was on duty that day. (Ex 1, Def. Ex. 2).

8. Plaintiff was sent to St. Elizabeth's Hospital by the supervisor. The Physician at St. Elizabeth's Hospital recommended two days off work. (Ex. 1).

9. On February 29, 2000, Dr. Hamrock of the Boston Fire Department, recorded Plaintiff appeared "somewhat paranoid and overly concerned about his car registration being transferred to his new car without his knowing about it." At that time, Dr. Hamrock diagnosed Plaintiff as having "bipolar disorder versus schizophrenia versus drug use." (Ex. 2).

10. Plaintiff tested positive for marijuana use at this time. (Def. Ex. 5).

11. Plaintiff was hospitalized at this time at Arbour Hospital for ten days. (Ex. 3 pg 71).

12. On March 3, 2000, Dr. Hamrock called Plaintiff after Plaintiff left without being seen. In addition, he discussed his "concern about a psychic illness bipolar disorder versus schizophrenia as well as drug use or medical condition." with Plaintiff's father. (Ex. 2).

13. On March 6, 2000, Dr. Hamrock called Harvard Community Health Plan and discussed Plaintiff's "health and recent behavior and will need full psych eval and possible meds for ? diagnosis bipolar disorder versus schizophrenia versus drug use." (Ex. 3).

14. On March 6, 2000, Dr. Hamrock instructed Plaintiff to return in one month. (Ex. 4).

15. Boston Fire Department tentatively diagnoses Plaintiff as having Bipolar Disorder. (Ex. 4).

16. On March 23, 2000, Plaintiff again had an appointment with Dr. Hamrock, which he missed. (Ex. 5).

17. On March 24, 2000, Plaintiff tendered his resignation. (Ex. 6.)

18. Plaintiff was committed to the Lindermann Mental Health Center in May 2000 and was diagnosed with schizophrenia. (Ex. 3, pg 88).

19. On November 13, 2000, Dr. John Greene, a consultant with Boston Fire Department filed a report, outlining Plaintiff's illness to date, and noting that Plaintiff had schizophrenia. Dr. Greene's report, sent to Boston Fire Department, did not recommend reinstatement. (Ex. 7).

20. On April 19, 2002, Plaintiff requested reinstatement in writing, which was denied. (Def. Ex. 8).

21. Plaintiff was last hospitalized in 2003 for a mental illness. (Ex.

22. In March 2003, Plaintiff hired Paul Hajjar, an attorney, to assist him in his return to Boston Fire Department. (Ex 9, pg 8).

23. Hajjar discussed Plaintiff's reinstatement with members of Boston Fire Department, including Defendant Finn and others by telephone. (Ex. 9, pg 9).

24. Hajjar's first conversation with Finn was around March 25, 2003 (Ex. 9, pg. 26).

25. At that time, Hajjar discussed what Plaintiff needed to do before requesting reinstatement. (Ex. 9, pg. 26).

26. Finn stated that Plaintiff needed to contact William Ostigui of the EAP (Employee Assistance Program) to undergo a drug rehabilitation program. (Ex. 9, pg. 26).

27. Plaintiff enrolled in and attended the fire-department-employees-only substance abuse program. (Ex. 3, pg 127).

28. On July 23, 2003, Hajjar sent Commissioner Christian a written request for reinstatement of the Plaintiff. (Ex. 9, pg. 26).

29. When he followed up with a phone call to the Commissioner's office, he was told that "Finn handled that area." (Ex. 24. pg 39).

30. Hajjar enclosed a letter from Ostigui indicating Plaintiff's participation in the EAP. (Ex. 24. pg 47).

31. On November 11, 2003, Hajjar again discussed the reinstatement matter with Finn, only to be told that Finn's hand were tied temporarily due to budget constraints and the status of the Consent Decree.

32. At that time, Finn stated that he had a budget meeting and would contact Hajjar before January 1, 2004 (Ex. 9, pg 32 ).

33. Around January 2004, Dr. Querques reports that Plaintiff is medication compliant and has the ability to perform his job so long as he remains medication compliant.

34. On January 7, 2004, Finn told Hajjar to call back in one month to see if funding was available. When Hajjar pointed out that Boston Fire Department was advertising in the newspaper for new hires, Finn stated that the ad was solely for the purpose of the Civil Service Exam but that Boston Fire Department was not hiring yet. (Ex. 9, pg 33).

35. On March 3, 2004, Hajjar again reached Finn by telephone.  Finn now stated that Plaintiff needed to see Boston Fire Department's psychiatrist before he could be reinstated.  (Ex. 9, pg. 46).

36. Hajjar begins to believe that the Boston Fire Department has no intention of reinstating the Plaintiff. (Ex. 9, pg. 46).

37. On March 31, 2004, Hajjar, Plaintiff and Finn had a meeting.  At this meeting, Finn stated that Plaintiff should reenter the EAP (which he had already done), that when Finn had money in the budget to reinstate the Plaintiff he would so inform Hajjar, and then he would have Plaintiff evaluated by the department physician. (Ex. 9, pg. 46).

38. Hajjar reports that at this meeting Finn, for the first time, appeared to be more concerned with Plaintiff's mental status.  (Ex. 9, pg. 46).

39. Hajjar is not sure but he believes that the Consent Decree had been overturned by this time.

40. Hajjar reports that during the one year that he remained in contact with Finn, until after the March 2004 meeting, the conversations all indicated that Finn would reinstate Plaintiff if Boston Fire Department could comply with the consent decree, have money in the budget, and Plaintiff was cleared by the department psychologist.  (Ex. 9, pg 61).

41. In April 2004, Plaintiff again filed a Request for Reinstatement after the meeting with Finn, which no one responded to. (Ex. 7 pg 39). Plaintiff filed with MCAD.

N.E.2d 919, 923 (Mass. App. Ct. 1974), aff'd, 331 N.E.2d 813 (Mass. 1975)).

11. Courts of this Commonwealth have of course applied the traditional doctrine of equitable estoppel. *Calkins* v. *Wire Hardware Co.,* 267 Mass. 52, 68--69 (1929). *Looney* v. *Trimount Theatres, Inc.,* 282 Mass. 275, 277--278 (1933). That doctrine differs from promissory estoppel primarily in that equitable estoppel permits recovery only where there has been reliance upon the misrepresentation of past or present facts whereas recovery may be had under the theory of promissory estoppel where reliance has been placed upon statements of future intent. 1 Williston, Contracts § 140, at 611--615 (3d ed. 1957). Calamari & Perillo, Contracts § 6--6, at 209 (2d ed. 1977). *Langdon* v. *Doud,* 10 Allen 433, 436--437 (1865).

## Summary Judgment

1. The complaint's allegations, including the inferences favorable to the plaintiffs, see *Eyal v. Helen Bdcst. Corp.,* 411 Mass. 426, 429 (1991), citing *Nader v. Citron,* 372 Mass. 96, 98 (1977), accept as true all of the allegations of a complaint. See *Eyal v. Helen Bdcst. Corp., supra; Berish v. Bornstein,* 437 Mass. 252, 267 (2002). With the allegations so viewed, "a complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate." *Nader v. Citron,* 372 Mass. at 104.

2. (A) complaint is sufficient if it "sketch[es] the bare silhouette of a cause of action." *Brum v. Dartmouth,* 44 Mass.App.Ct. 318, 322 (1998), *S. C.,* 428 Mass. 684 (1999), quoting from *Coolidge Bank & Trust Co.* v. *First Ipswich Co.,* 9 Mass.App.Ct. 369, 371 (1980).

3. Although the court did not explicitly characterize its rationale as such, it is clear that the court applied the principle of estoppel to preclude the defendant's assertion of the statute of limitations defense. *Bouchie v. Atlantic Chrysler, Plymouth, Toyota, Inc.,* 1996 Mass. App. Div. 57.

4. The equitable doctrine of estoppel may be utilized to prevent a defendant from prevailing on a statute of limitations defense when the defendant's own conduct wrongfully lulled the plaintiff into foregoing legal action until it was too late. *Baglio* v. *New York Cent. RR Co.*, 344 Mass. 14, 19 (1962); *McLearn* v. *Hill,* 276 Mass. 519, 525 (1931).

5. In *McLearn* v. *Hill,* the defendant was estopped from pleading the statute of limitations where the plaintiff had relied upon the defendant's implicit assurance that he would not assert that defense. See Dawson, Estoppel and Statutes of Limitation, 34 Mich. L. Rev. 1, 3 (1935).

6. A successful assertion of equitable estoppel requires: (1) "[a] representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made[;] (2) [a]n act or omission resulting from the

N.E.2d 919, 923 (Mass. App. Ct. 1974), aff'd, 331 N.E.2d 813 (Mass. 1975)).

11. Courts of this Commonwealth have of course applied the traditional doctrine of equitable estoppel. Calkins v. Wire Hardware Co., 267 Mass. 52, 68--69 (1929). Looney v. Trimount Theatres, Inc., 282 Mass. 275, 277--278 (1933). That doctrine differs from promissory estoppel primarily in that equitable estoppel permits recovery only where there has been reliance upon the misrepresentation of past or present facts whereas recovery may be had under the theory of promissory estoppel where reliance has been placed upon statements of future intent. 1 Williston, Contracts § 140, at 611--615 (3d ed. 1957). Calamari & Perillo, Contracts § 6--6, at 209 (2d ed. 1977). Langdon v. Doud, 10 Allen 433, 436--437 (1865).

Summary Judgment

1. The complaint's allegations, including the inferences favorable to the plaintiffs, see Eyal v. Helen Bdcst. Corp., 411 Mass. 426, 429 (1991), citing Nader v. Citron, 372 Mass. 96, 98 (1977), accept as true all of the allegations of a complaint. See Eyal v. Helen Bdcst. Corp., supra; Berish v. Bornstein, 437 Mass. 252, 267 (2002). With the allegations so viewed, "a complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate." Nader v. Citron, 372 Mass. at 104.

2. (A) complaint is sufficient if it "sketch[es] the bare silhouette of a cause of action." Brum v. Dartmouth, 44 Mass.App.Ct. 318, 322 (1998), S. C., 428 Mass. 684 (1999), quoting from Coolidge Bank & Trust Co. v. First Ipswich Co., 9 Mass.App.Ct. 369, 371 (1980).

3. Although the court did not explicitly characterize its rationale as such, it is clear that the court applied the principle of estoppel to preclude the defendant's assertion of the statute of limitations defense. Bouchie v. Atlantic Chrysler, Plymouth, Toyota, Inc., 1996 Mass. App. Div. 57.

4. The equitable doctrine of estoppel may be utilized to prevent a defendant from prevailing on a statute of limitations defense when the defendant's own conduct wrongfully lulled the plaintiff into foregoing legal action until it was too late. Baglio v. New York Cent. RR Co., 344 Mass. 14, 19 (1962); McLearn v. Hill, 276 Mass. 519, 525 (1931).

5. In McLearn v. Hill, the defendant was estopped from pleading the statute of limitations where the plaintiff had relied upon the defendant's implicit assurance that he would not assert that defense. See Dawson, Estoppel and Statutes of Limitation, 34 Mich. L. Rev. 1, 3 (1935).

6. A successful assertion of equitable estoppel requires: (1) "[a] representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made[;] (2) [a]n act or omission resulting from the

representation, whether actual or by conduct, by the person to whom the representation is made[;] (3) [and d]etriment to such person as a consequence of the act or omission." *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 728 (1974)

Wherefore, Plaintiff requests that Summary Judgment be denied.

Respectfully Submitted,
Michael Hendricks,
By his Attorney,

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO #639119

representation, whether actual or by conduct, by the person to whom the representation is made[;] (3) [and d]etriment to such person as a consequence of the act or omission." *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 728 (1974)

Wherefore, Plaintiff requests that Summary Judgment be denied.

Respectfully Submitted,
Michael Hendricks,
By his Attorney,

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO #639119

Exhibit 1

Exhibit 1

# Boston Fire Department

Form 5D(11/1/96)

MIS ✓

MED *Approved* (?)
1-1-00

IND ✓

## Injured Leave Report

| Last Name | First | M.I. | Rank | Company | Group |
|---|---|---|---|---|---|
| HENDRICKS | MICHAEL | L | FR. | E-29 | 4 |

| Social Security Nr. | Address | Phone Nr |
|---|---|---|
| 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 | 40 FALKER ST. DORCHESTER, MA. | 436-8764 |

| Date of Birth | Date of Hire | Date of Injury | Remained on Duty | |
|---|---|---|---|---|
| 7/22/74 | 10/29/97 | 01/05/00 | YES ☐ | NO ☒ |

| Company Officer | Time of Alarm | Incident | District | Incident Commander |
|---|---|---|---|---|
| A/FCP STEPHEN MCNEIL | 0858 | 941 | 11 | DFC P. ELLARD |

| Detailed to | Witness to Injury | Company |
|---|---|---|
| | Lan W. Caypent | E-29 |

## Injury Data

**Address Where Injury Occurred**
138 CHESTNUT HILL AVE

**Who Was Injury Reported To**
DFC P. ELLARD

**Body Part(s) Injured**
BACK

**Type of Injury( Sprain, Contusion, ETC.)**
CONTUSION

**Describe How Injury Occurred** IT WAS REPORTED TO ME BY FR HENDRICKS + FR. CAPENART THAT FR. HENDRICK LOST HIS FOOTING AND FELL WHILE MOVING A REFRIGERATOR DOWN THE STAIRWAY FROM THE 3RD FL TO THE 2ND FL IN QTRS.

**Activity When Injury Occurred(Select from Back or Write in)**
MOVING A REFRIGERATOR

**Source of Injury(Machine, Tool, etc.)**

| Was Physician Seen | Name of Doctor and/ or Medical facility | Relieved By |
|---|---|---|
| Yes ✓  No ☐ | ST. ELIZABETHS HOSPITAL RECEIVED | DFC P. ELLARD |

RECEIVED JAN 11 2000

**Members Signature**
Michael Hendrick

**Officers Signature**
A/FCP Stephen McNeil

cc

Form 5D(11/1/96)

# Boston Fire Department

## Injured Leave Report

| Last Name | First | M.I. | Rank | Company | Group |
|---|---|---|---|---|---|
| HENDRICKS | MICHAEL | L | FR. | E-29 | 4 |

| Social Security Nr. | Address | Phone Nr |
|---|---|---|
| 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 | 40 FOLLER ST. DORCHESTER, MA. | 436-8764 |

| Date of Birth | Date of Hire | Date of Injury | Remained on Duty | |
|---|---|---|---|---|
| 7/22/74 | 10/25/97 | 01/05/00 | YES ☐  NO ☒ | |

| Company Officer | Time of Alarm | Incident | District | Incident Commander |
|---|---|---|---|---|
| A/FCP STEPHEN MCNEIL | 0858 | 941 | 11 | DFC P. ELLARD |

| Detailed to | Witness to Injury | Company |
|---|---|---|
| | Lean W. Capelot | E-29 |

## Injury Data

**Address Where Injury Occurred**

138 CHESTNUT HILL AVE

**Who Was Injury Reported To**

DFC P. ELLARD

**Body Part(s) Injured**

BACK

**Type of Injury( Sprain, Contusion, ETC.)**

CONTUSION

**Describe How Injury Occurred** IT WAS REPORTED TO ME BY FR HENDRICKS + FR. CAPENART THAT FR. HENDRICKS LOST HIS FOOTING AND FELL WHILE MOVING A REFRIGERATOR DOWN THE STAIRWAY FROM THE 3RD FL TO THE 2ND FL IN QTRS.

**Activity When Injury Occurred(Select from Back or Write in)** MOVING A REFRIGERATOR

**Source of Injury(Machine, Tool, etc.)**

| Was Physician Seen | Name of Doctor and/ or Medical facility | Relieved By |
|---|---|---|
| Yes ☑  No ☐ | ST. ELIZABETHS HOSPITAL | DFC P. ELLARD |

RECEIVED

**Members Signature**  Michael L Hendricks

JAN 11 2000

**Officers Signature**  A/FCP Stephen McNeil

CC

Form M.E.

Residence _____

_____

## BOSTON FIRE DEPARTMENT

Tobacco _____

Coffee _____

Medical Examiner

_____

### MEDICAL PROGRESS REPORT

Name _Michael Hendricks_

Rank _____

Age _____

Allergies _____

_____

_____

Family Doctor : _____

| Line of Duty | Non line of Duty |
|---|---|
| 1/10/00    *[illegible]* | |
| *[illegible handwritten clinical notes]* | |
| *[illegible handwritten clinical notes]* | |

Form M.E.

Residence _____

_____

## BOSTON FIRE DEPARTMENT

Tobacco _____

Coffee _____

Medical Examiner

_____

### MEDICAL PROGRESS REPORT

Name _Michael Hendricks_

Rank _____

Age _____

Allergies _____

_____

Family Doctor : _____

| Line of Duty | Non line of Duty |
|---|---|
| 1/10/00   on OR | |
| - morning c noxio | |
| (D. Fletcher | |
| c? Botn heal | |
| Rolen gay on | |
| Pr Botm RP upper c | |
| abrl noxises | |
| → SR way well MD | |
| gud n? | |
| SR FR on BIL | |
| smuln feet ok | |
| (+) CVA or | |
| lud frm an | |
| insp'atn | |
| INJ — OR to RRW 1/23/00 | |
| will call if an | |
| NVR prbln | |

ACCT: 501472999        01/05/00
HENDRICKS ,MICHAEL
M        04/22/74        ETC

## EMERGENCY DEPARTMENT
## PATIENT FOLLOW-UP INSTRUCTIONS

MR: 7002122

PROVISIONAL DIAGNOSIS _____ 1 Week.

FOLLOW-UP WITH DR: _____

Dr. Hendrick as
scheduled 7mm

☐ IN _____ DAYS
☐ AS NEEDED

☑ MASE / MEDICAL     789-2900
☐ OB/GYN             562-7007
☐ SPORTS             789-2600
☐ DR REFERRAL LINE   800-488-5959

☐ OCC. HEALTH        789-2430
☐ OPD PSYCH          789-2102
☐ SURGICAL           562-5525
☐ UROLOGY            562-5525

☐ PLEASE FOLLOW THE PRE-PRINTED DISCHARGE INSTRUCTIONS ON: _____
☐ YOU WERE PRESCRIBED SEDATIVES OR PAIN MEDICATION THAT MAY MAKE YOU DROWSY. DO NOT
DRINK ALCOHOL OR OPERATE HEAVY MACHINERY WHILE TAKING THESE MEDICATIONS.

ADDITIONAL INSTRUCTIONS:

① Motion as Directed
② Rest. No Work for 2 days.
③ Return to ED for worse pain, tingling in legs
or if you have any weakness, or are unable
to walk.
④ Ice to low back leg 1 hr for next 3 days

I hereby acknowledge receipt and understanding of the instructions indicated above. I understand
that I have received EMERGENCY TREATMENT ONLY and that definitive care or diagnosis will be
rendered by complying with followup instructions. THE EMERGENCY DEPARTMENT WILL NOTIFY
YOU OF ANY SIGNIFICANTLY ABNORMAL FINDINGS.

_____                    Michael Hendricks        1.5.00        _____
PHYSICIAN / NURSE                    PATIENT                    DATE        TIME

### FURTHER INFORMATION ABOUT YOUR CARE

X-rays do not always show injury or disease. Fractures (breaks in the bones) are not always revealed on the
initial x-rays, but may be revealed on subsequent x-rays. Your x-ray has been read on a preliminary basis. Final
reading will be made by the radiologist in 24 hours. You will be notified of any additional findings.

PLEASE

1. THE EMERGENCY PHYSICIAN'S BILL WILL BE SEPARATE FROM THE HOSPITAL BILL.
2. IF YOU HAD AN X-RAY IN THE EMERGENCY DEPARTMENT, THE RADIOLOGIST'S BILL
WILL BE SEPARATE FROM THE HOSPITAL BILL.

The examination and treatment you have received in the Emergency Department has been given on an
emergency basis only. (Should your condition worsen or any new symptoms develop, or should you not
recover as expected, contact your Doctor or the Doctor you were given for follow-up care) If you cannot
contact the doctor, call the Emergency Department at 789-2666.

After you receive care in our Emergency Department, please contact your Primary Care Provider (PCP) within
24-48 hours to notify him/her of your visit and to make arrangements for follow-up care.

ACCT: 501472999          01/05/00
HENDRICKS ,MICHAEL
M      04/22/74        ETC

### EMERGENCY DEPARTMENT
### PATIENT FOLLOW-UP INSTRUCTIONS

MR: 7002122

PROVISIONAL DIAGNOSIS _____ / Week.

FOLLOW-UP WITH DR: _____

Dr. Hancock as scheduled 7mm

| | | | |
|---|---|---|---|
| ☐ IN _____ DAYS | ☑ MASE / MEDICAL | 789-2900 | ☐ OCC. HEALTH 789-2430 |
| ☐ AS NEEDED | ☐ OB/GYN | 562-7007 | ☐ OPD PSYCH 789-2102 |
| | ☐ SPORTS | 789-2600 | ☐ SURGICAL 562-5525 |
| | ☐ DR REFERRAL LINE | 800-488-5959 | ☐ UROLOGY 562-5525 |

☐ PLEASE FOLLOW THE PRE-PRINTED DISCHARGE INSTRUCTIONS ON: _____
☐ YOU WERE PRESCRIBED SEDATIVES OR PAIN MEDICATION THAT MAY MAKE YOU DROWSY. DO NOT
   DRINK ALCOHOL OR OPERATE HEAVY MACHINERY WHILE TAKING THESE MEDICATIONS.

ADDITIONAL INSTRUCTIONS:

1. Motrin as Directed
2. Rest. No work for 2 days.
3. Return to ED for worse pain, tingling in legs or if you have any weakness, or are unable to walk.
4. Ice to low back leg 1 hr for next 3 days

I hereby acknowledge receipt and understanding of the instructions indicated above. I understand
that I have received EMERGENCY TREATMENT ONLY and that definitive care or diagnosis is
rendered by complying with followup instructions. THE EMERGENCY DEPARTMENT WILL NOTIFY
YOU OF ANY SIGNIFICANTLY ABNORMAL FINDINGS.

PHYSICIAN / NURSE          PATIENT          DATE 1-5-00          TIME

### FURTHER INFORMATION ABOUT YOUR CARE

X-rays do not always show injury or disease. Fractures (breaks in the bones) are not always revealed on the
initial x-rays, but may be revealed on subsequent x-rays. Your x-ray has been read on a preliminary basis. Final
reading will be made by the radiologist in 24 hours. You will be notified of any additional findings.

**PLEASE**
1. THE EMERGENCY PHYSICIAN'S BILL WILL BE SEPARATE FROM THE HOSPITAL BILL.
2. IF YOU HAD AN X-RAY IN THE EMERGENCY DEPARTMENT, THE RADIOLOGIST'S BILL
   WILL BE SEPARATE FROM THE HOSPITAL BILL.

The examination and treatment you have received in the Emergency Department has been given on an
emergency basis only. (Should your condition worsen or any new symptoms develop, or should you not
recover as expected, contact your Doctor or the Doctor you were given for follow-up care) If you cannot
contact the doctor, call the Emergency Department at 789-2666.

After you receive care in our Emergency Department, please contact your Primary Care Provider (PCP) within
24-48 hours to notify him/her of your visit and to make arrangements for follow-up care.

Exhibit 2

Exhibit 2

Pt 436 0764
family 265-5090

| Line of Duty | Non line of Duty |
|---|---|
| Pt plans FAP tangential speech | 3/12/00 pt left without being seen this AM |
| → denies hearing voices | I called him at 10:30 436-0764 |
| - appears somewhat paranoid about his position at police acad | states feels well now denies HI SI or hallucinations |
| overly concerned about his car registration being transferred to his new car I mean- money issue it | to keep appt c Dr Johnson NCHC 3/13 4 pm and F/U c us here 3/16/00 |
| - was very agitated upset w- personal attack upsetting to others numerous calls today | will call me or FAO EAP any time if has any acute problem or feelings of hurting self |
| "feels lot of things things going in his life - states feels a little paranoid | medication valproate states he feels great and is compliant |
| 1/10/92 [illegible] 12 quit [illegible] [illegible] [illegible] [illegible] | additionally Tc to 265 5090 I had long dw pts father Michael [illegible] about his sons issues |
| - ? BPAD vs schizoaffective d/o w/ drug use | father states pt had episodes last weeks of ? paranoia feeling someone was going to attack him at his home and constantly checking all doors and windows in 3 family house → they brought him to BWH → [illegible] |
| - will speak w Capt [illegible] - drug testing | states pt has [illegible] been very paranoid |
| [illegible] F/U c psych will bring in Dr Johnson for advice ([illegible]) | I dw father my concern about a possible psych illness BPAD vs schizophren as well as drug use or medical condition |
| - get CBC from PCP including TFTs BJ | He does have a F/U c his PCP [illegible] TFTs BJ etc |
| will call us if any acute problems denies HI SI [illegible] | father states will call me or FA or BPD if any hostile behavior or any SI/HI from pt and will F/U c me 3/16/00 |
| - OK for me to dw his parents | S/W [illegible] 3/16/00 |
| S/W [illegible] 3/12/00 M [illegible] | M [illegible] |

Lt [illegible] 365-5090

__Line of Duty__ from 1) 265-5090                    __Non line o' Duty__

| | |
|---|---|
| [illegible handwritten notes] | 3/2/00 |
| | [illegible] |
| | I called him at 10:30 |
| | 436-0264 |
| | [illegible] |
| | [illegible] |
| | to keep appt [illegible] |
| | Dr Johnson MGH |
| | 3/3 4 pm |
| | [illegible] |
| | 3/6/00 |
| | will call me or FAO EAP |
| | [illegible] |
| | [illegible] |
| | [illegible] |
| | medication Valproate [illegible] |
| | [illegible] |
| | complaint |
| 14/1/92 | addendum 7c to 265 5090 |
| | [illegible] |
| | Michael [illegible] Sr about |
| | his son's issues |
| | father + son pt |
| | had episode, last week |
| | of 7 [illegible] feeling |
| | [illegible] was going to attack |
| -7 BPD [illegible] schizophrenia | him at his home and |
| | constantly checking all doors |
| | and windows in 3 family |
| | home + this brings |
| | him to BWH + Arbour |
| | [illegible] has 2x [illegible] |
| | been [illegible] |
| | I saw father [illegible] |
| | about a possible psychic |
| | illness BPD [illegible] |
| | as well as drug use |
| | or medical condition |
| | he does have a F14 & his PCP |
| | [illegible] 7PT3 [illegible] etc |
| | father state will call me or |
| | FA or BPD if any [illegible] behavior |
| | of any S7/F14 from [illegible] |
| | and will F14 [illegible] me |
| | 3/6/00 |
| Sign this by 3/2/00 | sign with him 3/6/00 |
| M [illegible] | [illegible] |

Exhibit 4

Form M. E.

Residence ____________________

____________________

BOSTON FIRE DEPARTMENT

Tobacco __________

Coffee __________

Medical Examiner

____________________

MEDICAL PROGRESS REPORT

Name Michael Yendrick

Rank ____________________

Allergies ____________________

Age ____________________

Family Doctor ____________________

| Line of Duty | Non line of Duty |
|---|---|
| 3/6/00 | |
| → missed appointment | Sick note [illegible] 3/9/00 |
| Dr. Johnson [illegible] psych MD | with documentation for |
| 3/3 [illegible] | 2 mo |
| [illegible] | will call / any questions |
| → [illegible] to see him today | [signature] |
| at 1 pm | |
| [illegible] | 3/6/00 |
| [illegible] | I [illegible] Dr Johnson |
| valproate (?) | about my concerns [illegible] |
| [illegible] | mental health |
| | and recent behavior |
| – [illegible] | and will refer |
| [illegible] weekend | for psych eval |
| → [illegible] | and possible meds |
| [illegible] | for ? dx BPAD vs |
| → Dr. Brain (?) → [illegible] | [illegible] |
| will call today for | [illegible] |
| [illegible] | He will keep me informed |
| [illegible] | about his progress |
| | he is seeing him tomorrow |
| [illegible] | [signature] |
| [illegible] | |
| → 0 x 3 | 3/9/00 |
| – [illegible] | Dr Johnson 1st today |
| [illegible] | [illegible] paperwork |
| [illegible] will not be able to | from [illegible] |
| RTW [illegible] | |

Exhibit 5

# Boston Fire



BOSTON FIRE DEPARTMENT
115 SOUTHAMPTON ST.
MEDICAL OFFICE
BOSTON MA. 02118
(617) 343-3305
(617) 343-3042   FAX

MICHAEL G.HAMROCK, MD.
MEDICAL DIRECTOR
BARBARA RYAN - MCNEIL
RN

Date: _3/6/00_

**Name of employee:** _MICHAEL L. HENDRICKS_

It is our understanding that you are treating the above named patient for an injury. Could you please fax or forward the following information:

**Diagnosis:** _BIPOLAR DISORDER_

**Prognosis:** _UNCERTAIN - NEEDS FURTHER EVALUATION_

**Treatment Modalities:** _(1) MEDICATIONS;_ ~~_____~~ _(2) SUPPORTIVE PSYCHOTHERA_

**Frequency and Duration of Treatment:** _DAILY MEDICATIONS ; MEETINGS: 1-2 TIMES PER WEEK FOR NOW_

**Estimated date of return:** _ONE MONTH (EARLY APRIL)_

**Date of next follow up appointment:** _3/9/00_

**Progress Report:** (include any specific limitations) _CURRENTLY UNABLE TO RETURN TO_
_WORK FOR MEDICAL REASONS. WILL RE CONTACT YOU AS TREATMENT_
_PROGRESSES._

**Based on what the patient has told me, I feel with a reasonable degree of certainty that this is:**

☐ Causally Related     ☐ Not causally related     ☑ Not enough information
   to work                  to work

**Clinician Signature:** _____

115 Southampton Street, Boston, MA 02118-2713 (617) 343-3550
*Thomas M. Menino*, Mayor   *Martin E. Pierce, Jr.*, Commissioner / Chief

Printed on recycled paper

Exhibit 6

COMPLAINT FORM
INJURED MEMBERS

DATE: 3/23/00

NAME Michael Hendricks

SS#: 022 64 0928

NAME OF PERSON
CALLING:_____

PHONE#:_____

ORGANIZATION:_____

BRIEF DESCRIPTION OF
COMPLAINT:_____ No show for medical Office
Visit. (2nd occurence)

_____

SIGNATURE: Barbara Ryan McNeil, RN

ACTION TAKEN BY
PERSONNEL:_____

_____

_____

_____

SIGNATURE OF DEPUTY/DISTRICT CHIEF OF
PERSONNEL:_____

DATE:_____

COPY TO BE FORWARDED TO MEDICAL OFFICE  Original to be placed in member's personnel file

# BOSTON FIRE DEPARTMENT

..........................................19

FROM:

TO:   THE FIRE COMMISSIONER

Subject:

TO WHOM IT MAY CONCERN,

AS OF, FRIDAY MARCH 24TH, 2000

I MICHAEL L. HENDRICKS, JR RESIGN

FROM MY POSITION AS FIREFIGHTER

ON THE BOSTON FIRE DEPARTMENT.

SINCERELY,
Michael L. Hendricks, Jr.

RECEIVED

MAR 24 2000

OFFICE OF FIRE COMM.

Exhibit 7

**JOHN A. GREENE, Ph.D.**
BOSTON COUNSELING CENTER
174 DORCHESTER STREET
SOUTH BOSTON, MASSACHUSETTS 02127

(617) 269-5662
FAX (617) 268-3378

November 13, 2000

Patient: Michael Hendricks
    40 Fowler Street
    Dorchester, MA

DOB: April 22, 1974
AGE: 26

Date of Appointment: 10/29/97
Date of Resignation: March, 2000

    10/26/00 - Initial Evaluation
    10/27/00 - Administered Minnesota Multiphasic Personality
Inventory -2
    10/30/00 - Evaluation with Mr. Hendricks
    11/9/00 - Phone conversation with John Querques, MD, Treating
Psychiatrist,   Erich Lindermann Center
    11/10/00 - Review of Discharge Summary from Lindermann Center
    11/14/00- review of BFD medical office notes.

HISTORY:

    Mr. Hendricks is a 26 year old single black male. He was born and
raised in Boston. He attended local schools for elementary school. He
attended Cathedral High School for the 9th and 10th grades at that point, his
family moved to Framingham where he completed the 11th and 12th grade.
He attended Winston-Salem College in North Carolina for one year.
Mr. Hendricks has no military service and was arrested one time for larceny.

    He returned to Boston and worked in retail sales and auto sales prior
to being appointed to the Boston Fire Department. on 01/06/97.

    Mr. Hendricks was assigned to Engine Company 29 in Brighton. He
worked there until approximately October, 1999 when Mr. Hendrick's level
of function apparently began to deteriorate. Mr. Hendricks went out on

Exhibit 8

Michael L. Hendricks, Jr.
40 Fowler St.
Dorchester, Ma. 02121

Boston Fire Department
Commissioner Paul S. Christian
115 Southampton St.
Boston, Ma. 02118

Dear Sir,

    I, Michael L. Hendricks, Jr., am writing this letter to request reinstatement to the Boston Fire Department. Approximately 2 years ago I resigned from a firefighter's position while I was suffering from an untreated mental illness. Since then, I have been in psychiatric treatment and respectfully request to be reinstated as a member of the Boston Fire Department.

Sincerely,

Michael L. Hendricks, Jr.

Exhibit 4

Exhibit 4

Form M. E.

Residence _____
_____

## BOSTON FIRE DEPARTMENT

Tobacco _____

Coffee _____

Medical Examiner
_____

### MEDICAL PROGRESS REPORT

Name _Michael Uesdrich_

Rank _____

Age _____

Allergies _____
_____
_____

Family Doctor _____
_____

| Line of Duty | Non line of Duty |
|---|---|
| 3/6/00 | Sch retn for 3/9/00 |
| → missed appointment | with document for |
| Dr Johnson → pick up MD | 2 mo |
| 3/3 pick up Rx | will call if any q, etc |
| → missed | M Vermm |
| → agrees to see him today | |
| at 1³⁰pm | 3/6/00 |
| + intro to my his side | I had c/w Dr Johnson |
| valproate | about my concern c |
| dep, etc | M Uesd health |
| | and recent behavior |
| - denies any prev any weel | and will order |
| bid aw weekend | full psych eval |
| → denys NI/II | and possible meds |
| q VA AH | for dx BPD √ |
| | Sch for √ |
| → Dr Britain → PCP | M. as me |
| will call today for | he will keep me inform |
| q/1 fu well | about his progress |
| PCP/E √ PT, Bs et. | he is seeing him three |
| | M Vermm |
| yes MMP flow affect | |
| + recent clear | 3/9/00 |
| → O × 3 | |
| - img thru pl week h f/u c | Dr Johnson (pm today |
| right mp + PCP if v not | state forgot paperwork |
| compliant will not be able to | som said VN is |
| RTW as ff pl again | |

Form M. E.

Residence ______________________

# BOSTON FIRE DEPARTMENT

Tobacco ____________

Coffee ____________

Medical Examiner ______________________

## MEDICAL PROGRESS REPORT

Name Michael Hendrick

Rank ______________________

Age ______________________

Allergies ______________________

Family Doctor ______________________

| Line of Duty | Non line of Duty |
|---|---|
| 3/6/00 | |
| → missed appointment Dr. Johnson [illegible] psych MD 3/3 [illegible] | Sick note given 3/9/00 with document for 2 MD. Will call if any problems. [illegible] |
| → agreed to see him today at 1:30 pm | |
| [illegible] Valproate, Depakote | 3/6/00 I have talked with Dr Johnson about my concerns of mental health and recent behavior and will also need psych eval and possible meds for dx [illegible] [illegible] |
| – [illegible] over weekend | We will keep [illegible] informed about his progress. He is seeing him [illegible] |
| → [illegible] VA AH | [illegible] |
| → Dr. Brain → [illegible] will call today for appt for well [illegible] | 3/9/00 Dr. Johnson 1st today [illegible] paperwork from last visit |
| [illegible] flat affect, speech clear → O×3 | |
| – [illegible] [illegible] MD + [illegible] if not compliant will not be able to RTW at [illegible] | |

Exhibit 5

Exhibit 5

# Boston Fire



**BOSTON FIRE DEPARTMENT**
**115 SOUTHAMPTON ST.**
**MEDICAL OFFICE**
**BOSTON MA. 02118**
**(617) 343-3305**
**(617) 343-3042   FAX**

MICHAEL G.HAMROCK, MD.
MEDICAL DIRECTOR
BARBARA RYAN - MCNEIL
RN

Date: _3/6/00_

**Name of employee:** _MICHAEL  L. HENDRICKS_

It is our understanding that you are treating the above named patient for an injury. Could you please fax or forward the following information:

**Diagnosis:** _BIPOLAR  DISORDER_

**Prognosis:** _UNCERTAIN - NEEDS FURTHER  EVALUATION_

**Treatment Modalities:** _(1) MEDICATION,_  ~~_____~~ _(2) SUPPORTIVE PSYCHOTHERAPY_

**Frequency and Duration of Treatment:** _DAILY MEDICATIONS ; MEETINGS: 1-2 TIMES PER WEEK FOR NOW_

**Estimated date of return:** _ONE MONTH (EARLY  APRIL)_

**Date of next follow up appointment:** _3/9/00_

**Progress Report:** (include any specific limitations) _CURRENTLY  UNABLE  TO RETURN TO_
_WORK  FOR MEDICAL REASONS.  WILL RE CONTACT YOU AS TREATMENT_
_PROGRESSES._

**Based on what the patient has told me, I feel with a reasonable degree of certainty that this is:**

☐  Causally Related
   to work

☑  Not causally related
   to work

☑  Not enough information

**Clinician Signature:** _____

**115 Southampton Street, Boston, MA 02118-2713 (617) 343-3550**
**Thomas M. Menino, Mayor   Martin E. Pierce, Jr., Commissioner / Chief**

Printed on recycled paper

# Boston Fire



BOSTON FIRE DEPARTMENT
115 SOUTHAMPTON ST.
MEDICAL OFFICE
BOSTON MA. 02118
(617) 343-3305
(617) 343-3042  FAX

MICHAEL G.HAMROCK, MD.
MEDICAL DIRECTOR
BARBARA RYAN - MCNEIL
RN

Date: _3/6/00_

**Name of employee:** _MICHAEL L. HENDRICKS_

It is our understanding that you are treating the above named patient for an injury. Could you please fax or forward the following information:

**Diagnosis:** _BIPOLAR DISORDER_

**Prognosis:** _UNCERTAIN - NEEDS FURTHER EVALUATION_

**Treatment Modalities:** _(1) MEDICATIONS; ~~~~~~~ (2) SUPPORTIVE PSYCHOTHERAPY_

**Frequency and Duration of Treatment:** _DAILY MEDICATIONS ; MEETINGS: 1-2 TIMES PER WEEK FOR NOW_

**Estimated date of return:** _ONE MONTH (EARLY APRIL)_

**Date of next follow up appointment:** _3/9/00_

**Progress Report:** (include any specific limitations) _CURRENTLY UNABLE TO RETURN TO_
_WORK FOR MEDICAL REASONS. WILL RE CONTACT YOU AS TREATMENT_
_PROGRESSES._

**Based on what the patient has told me, I feel with a reasonable degree of certainty that this is:**

☐ Causally Related      ☑ Not causally related      ☑ Not enough information
   to work                    to work

**Clinician Signature:** _____

115 Southampton Street, Boston, MA 02118-2713 (617) 343-3550
**Thomas M. Menino,** Mayor   **Martin E. Pierce, Jr.,** Commissioner / Chief

♲ Printed on recycled paper

Exhibit 6

Exhibit 6

COMPLAINT FORM
INJURED MEMBERS

DATE: _3 / 23 / 00_

NAME _Michael Hendricks_

SS#: _0 2 2  6 4  0 9 2 8_

NAME OF PERSON
CALLING: _____

PHONE#: _____

ORGANIZATION: _____

BRIEF DESCRIPTION OF
COMPLAINT: _No show for medical Office_
_visit. (2nd occurence ?)_

SIGNATURE: _Barbara Ryan McNeil, RN_

ACTION TAKEN BY
PERSONNEL: _____

SIGNATURE OF DEPUTY/DISTRICT CHIEF OF
PERSONNEL: _____

DATE: _____

COPY TO BE FORWARDED TO MEDICAL OFFICE  Original to be placed in member's personnel file

COMPLAINT FORM
INJURED MEMBERS

DATE: 3/23/00

NAME Michael Hendricks

SS#: 022 64 0928

NAME OF PERSON
CALLING:

PHONE#:

ORGANIZATION:

BRIEF DESCRIPTION OF
COMPLAINT: No show for medical Office
visit. (2nd occurence)

SIGNATURE: Barbara Ryan McNeil, RN

ACTION TAKEN BY
PERSONNEL:

SIGNATURE OF DEPUTY/DISTRICT CHIEF OF
PERSONNEL:

DATE:

COPY TO BE FORWARDED TO MEDICAL OFFICE  Original to be placed in member's personnel file

## BOSTON FIRE DEPARTMENT

............................................19

FROM:

TO:   THE FIRE COMMISSIONER

Subject:

To WHOM IT MAY CONCERN,

AS OF, FRIDAY MARCH 24TH, 2000
I MICHAEL L. HENDRICKS, JR RESIGN
FROM MY POSITION AS FIREFIGHTER
ON THE BOSTON FIRE DEPARTMENT.

SINCERELY,
Michael L. Hendricks, Jr.

RECEIVED

MAR 24 2000

OFFICE OF FIRE COMM.

## BOSTON FIRE DEPARTMENT

......................................................19

FROM:

TO:   THE FIRE COMMISSIONER

Subject:

TO WHOM IT MAY CONCERN,

AS OF, FRIDAY MARCH 24TH, 2000

I MICHAEL L. HENDRICKS, JR RESIGN

FROM MY POSITION AS FIRE FIGHTER

ON THE BOSTON FIRE DEPARTMENT.

SINCERELY,

Michael L. Hendricks, Jr.

## RECEIVED

MAR 24 2000

OFFICE OF FIRE COMM.

Exhibit 7

Exhibit 7

**JOHN A. GREENE, Ph.D.**
BOSTON COUNSELING CENTER
174 DORCHESTER STREET
SOUTH BOSTON, MASSACHUSETTS 02127

(617) 269-5662
FAX (617) 268-3378

Patient: Michael Hendricks                    November 13, 2000
        40 Fowler Street
        Dorchester, MA

DOB: April 22, 1974
AGE: 26

Date of Appointment:  10/29/97
Date of Resignation:  March, 2000

        10/26/00 - Initial Evaluation
        10/27/00 - Administered Minnesota Multiphasic Personality
Inventory -2
        10/30/00 - Evaluation with Mr. Hendricks
        11/9/00   - Phone conversation with John Querques, MD, Treating
Psychiatrist,    Erich Lindermann Center
        11/10/00 - Review of Discharge Summary from Lindermann Center
        11/14/00- review of BFD medical office notes.

HISTORY:

        Mr. Hendricks is a 26 year old single black male. He was born and
raised in Boston. He attended local schools for elementary school. He
attended Cathedral High School for the 9th and 10th grades at that point, his
family moved to Framingham where he completed the 11th and 12th grade.
He attended Winston-Salem College in North Carolina for one year.
Mr. Hendricks has no military service and was arrested one time for larceny.

        He returned to Boston and worked in retail sales and auto sales prior
to being appointed to the Boston Fire Department. on 01/06/97.

        Mr. Hendricks was assigned to Engine Company 29 in Brighton. He
worked there until approximately October, 1999 when Mr. Hendrick's level
of function apparently began to deteriorate. Mr. Hendricks went out on

**JOHN A. GREENE, Ph.D.**
BOSTON COUNSELING CENTER
174 DORCHESTER STREET
SOUTH BOSTON, MASSACHUSETTS 02127

(617) 269-5662
FAX (617) 268-3378

Patient: Michael Hendricks                    November 13, 2000
     40 Fowler Street
     Dorchester, MA

DOB: April 22, 1974
AGE: 26

Date of Appointment:  10/29/97
Date of Resignation:  March, 2000

       10/26/00 - Initial Evaluation
       10/27/00 - Administered Minnesota Multiphasic Personality
Inventory -2
       10/30/00 - Evaluation with Mr. Hendricks
       11/9/00  - Phone conversation with John Querques, MD, Treating
Psychiatrist,    Erich Lindermann Center
       11/10/00 - Review of Discharge Summary from Lindermann Center
       11/14/00- review of BFD medical office notes.

HISTORY:

     Mr. Hendricks is a 26 year old single black male. He was born and
raised in Boston. He attended local schools for elementary school. He
attended Cathedral High School for the 9th and 10th grades at that point, his
family moved to Framingham where he completed the 11th and 12th grade.
He attended Winston-Salem College in North Carolina for one year.
Mr. Hendricks has no military service and was arrested one time for larceny.

     He returned to Boston and worked in retail sales and auto sales prior
to being appointed to the Boston Fire Department. on 01/06/97.

     Mr. Hendricks was assigned to Engine Company 29 in Brighton. He
worked there until approximately October, 1999 when Mr. Hendrick's level
of function apparently began to deteriorate. Mr. Hendricks went out on

Exhibit 8

Exhibit 8