**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-CV-10457-EFH

MICHAEL HENDRICKS, JR.
    Plaintiff,

v.

BOSTON FIRE DEPARTMENT,
CHIEF JOSEPH FINN, CITY
OF BOSTON,
    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE ENTRY OF SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS

Now come the Defendants, Boston Fire Department, Chief Joseph Finn, and the City of Boston and respectfully oppose Plaintiff's motion to vacate this Honorable Court's entry of summary judgment in favor of Defendants. In sum, there is nothing excusable about Plaintiff's delay in opposing the Defendants' Motion for Summary Judgment, notwithstanding Plaintiff's counsel's family tragedy. As explained below, Plaintiff's counsel did not leave the Commonwealth for this family death until on or about September 5, 2006: approximately seventeen days AFTER the Plaintiff's Opposition was due.

### A. FACTUAL BACKGROUND

The Plaintiff's Motion to Vacate entry of Summary Judgment should be summarily denied, as Plaintiff falls short of meeting

1

the demanding excusable neglect standard provided in Fed. R. Civ. P. 60. The grounds for denying Plaintiff's Motion to Vacate are simple and hinge on chronology:

1. On August 3, 2006, the Defendants, Boston Fire Department, Chief Joseph Finn, and the City of Boston filed a Motion for Summary Judgment, Memorandum of Law in Support of said Motion, and Local Rule 56.1 statement of facts and supporting exhibits.

2. On August 2, 2006, the Defendants' counsel complied with Local Rule 7.1, and conferred with Plaintiff's counsel via telephone about said filing. Plaintiff's counsel indicated she would file an opposition to said motion during that telephone conversation.

3. Pursuant to Local Rule 7.1 (B)(2), "a party opposing a motion shall file an opposition to the motion within fourteen (14) days after service of the motion."

4. Accordingly, Plaintiff's Opposition was due no later than August 17, 2006.

5. Plaintiff's sole ground for moving to vacate the entry of summary judgment in favor of the Defendants is that "[d]ue to a death in counsel's immediate family, and counsel having to leave the Commonwealth immediately due to the death, Plaintiff's counsel was unable to file the

    Opposition in a timely manner." (Pl's Mtn to Vacate, p.1).

6. Plaintiff omits any reference as to the date of her family tragedy or the actual date she traveled out of state.

7. However, undersigned Defendants' counsel, upon information and belief, believes that the tragic family death occurred on or about September 3, 2006, seventeen days after her opposition was due. (See Exhibit 1).

8. Moreover, Plaintiff's counsel did not leave the Commonwealth until at least September 5, 2006. Plaintiff's counsel was in the Commonwealth of Massachusetts on September 5, 2006. She had a deposition scheduled with an attorney for the City of Boston on that date. Plaintiff's counsel spoke with a lawyer from the City of Boston, informed him of her family death, and noted that she would be traveling out of state to attend the funeral, on September 5, 2006.

9. Plaintiff's opposition to Defendants' Motion for Summary Judgment was due no later than August 17, 2006. Plaintiff does not and can not explain why she failed to file a timely opposition by deadline or a motion for continuance. This failure to file a timely opposition does not come close to excusable neglect.

10. Plaintiff's counsel also omits any facts as to when she returned to the Commonwealth of Massachusetts; however, it is clear that Plaintiff filed his motion to vacate and opposition three days after the Court issued its decision entering judgment in favor of the City.

11. Plaintiff's counsel should not be allowed to again circumvent the Federal Rules of Civil Procedure, notwithstanding the undisputed family tragedy.

12. Plaintiff similarly moved to vacate this Court's decision granting Defendants' Motion to Dismiss plaintiff's complaint.  Further, it took Plaintiff forty-eight days to comply with this Court's Order to Compel the Production of Documents.  This pattern of neglect is not excusable.  The summary judgment decision should stand.

13. Plaintiff failed to comply with Local Rule 7.1 prior to filing this motion to vacate.

### LEGAL ARGUMENT

Relief of the sort Plaintiff requests may only be granted if the judgment resulted from "excusable neglect."  Fed. R. Civ. P. 60(b)(1),is a demanding standard. This Circuit has consistently held that, "counsels' inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute excusable neglect."  Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir.

2005). Criteria to be considered include, the danger of prejudice, whether the movant acted in good faith, whether it was within the reasonable control of the movant, the reason for the delay, the length of the delay and its effect on the proceedings. Deo-Agbasi v. Parthenon Group, 229 F.R.D. 348, 351, (1st Cir. 1992). Given the facts of this case, Plaintiff falls short of meeting this criteria.

The First Circuit has "consistently turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client." Id. (citing KPS & Assocs., Inc. v. Designs by FMC Inc., 318 F.3d 1, 16 (1st Cir. 2003)). Likewise in this case, Plaintiff's failure to timely file an opposition (or a motion for continuance) to Defendants' Motion for Summary Judgment is inexcusable, and can not be overlooked due to a family death that appears to have occurred seventeen days after the deadline to file an opposition.

Plaintiff does not and can not explain why his opposition was not filed within the requisite fourteen days. Plaintiff's motion to vacate must be denied because he does not meet the excusable neglect standard provided in Rule 60(b)(1). Further, Plaintiff counsel's attempt to circumvent the deadline by invoking her family tragedy is not credible given that the death occurred on or about September 3, 2006, yet the deadline for filing the opposition was August 17, 2006.

Confusion over filing dates and a demanding caseload are not sufficient reasons to warrant the extraordinary relief afforded by Rule 60(b)(1). <u>Stonkus v. City of Brockton School Dept.</u>, 322 F.3d 97, 101 (1st Cir. 2003)(denying plaintiffs' motion to vacate entry of summary judgment for failure to oppose under Rule 60(b)(1)). Moreover, "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." <u>Negron v. Celebrity Cruises, Inc.</u>, 316 F.3d 60, 61-62 (1st Cir. 2003)(affirming the district court's denial of motion for Rule 60(b)(1) relief for missing a deadline, notwithstanding plaintiff's motion to set aside the dismissal within two weeks of entry). In fact, the effort to prove excusable neglect by arguing that counsel were preoccupied with other matters, according to the First Circuit, "has been tried before, and regularly found wanting." <u>de la Torre v. Cont'l Ins. Co.</u>, 15 F.3d 12, 15 (1st Cir. 1994). Applying the facts of this case to the demanding standard applied in this Court to prove excusable neglect, Plaintiff's motion to vacate entry of summary judgment in favor of the Defendants must be denied.

## C. CONCLUSION

For the reasons stated above, the Defendants, Boston Fire Department, Chief Joseph Finn, and the City of Boston,

respectfully request this Court to deny Plaintiff's Motion to Vacate Entry of Summary Judgment in Favor of the Defendants.

Respectfully Submitted,

DEFENDANTS, BOSTON FIRE DEPARTMENT,
CHIEF FINN, CITY OF BOSTON

WILLIAM F. SINNOTT
Corporation Counsel

By their attorney:

/s/ Kate Cook
Kate Cook   BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022



Subscriber Services

KansasCity.com > News > Obituaries

# Obituaries





**Death Notices and Guest Books for "Weidler"**   [Modify your Search]

**Search Results**   Page 1 of 1  (1 total results)

Show  25   complete notices   per page

 *View/Sign Guest Book*

**Weidler, Lisa Kirsten**
Lisa Kirsten Weidler, 43, Olathe, KS passed away Sunday, September 3, 2006 in Olathe, KS. Funeral services will be held at 10am on Thursday, September 7, 2006 at Prince of Peace Catholic Church in Olathe. The family will receive friends from 6-8pm on Wednesday at Penwell-Gabel Funeral Home in Olathe, along with a prayer service at 7:30pm. The family suggests contributions to the Lisa Kirsten Weidler Memorial Fund (for her children's education). To leave a special message for the family, please visit the website at www. penwellgabel.com. Lisa was born May 9, 1963 in McKeesport, PA and grew up in Kings Park, NY. She attended Rockhurst College and graduated with her Bachelors in Accounting in 1985. She worked as an accountant since 1985 for various companies in the Kansas City area. She was the loving wife of her husband Timothy and mother of her two children Anna and Gerry. She and Timothy were married on November 25, 1989. She enjoyed sharing her interest in arts and crafts with her children and made numerous heirloom books celebrating her family. She also enjoyed playing volleyball and sharing in the successes of her children's sports. She was the voice of reason in the lives of many that she touched. She is survived by her husband, Timothy and two children Anna and Gerry; her parents Thomas and Charlotte Johnson and her sisters, Lynn Johnson, Aldana Johnson and Susan Kistner, and her brothers Thomas Johnson and Marc Johnson, and their spouses and children; as well as her mother-in-law, Terry Weidler, seven brothers and sisters-inlaw and their respective children.
Published in the Kansas City Star on 9/5/2006.
Notice • Guest Book • Flowers

Today's Kansas City Star death notices

Questions about death notices or Guest Books?
Contact Legacy.com

*Powered by* Legacy.com.
*obituaries nationwide*